UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael A. EVE, Defendant–Appellant.

No. 92–3315.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 11, 1992.

Decided Feb. 2, 1993.

John M. DiPuccio (argued and briefed), Office of the U.S. Attorney, Cincinnati, OH, for plaintiff-appellee.

W. Kelly Johnson (argued and briefed), Miller & Rosewald, Cincinnati, OH, for defendant-appellant.

Before: MERRITT, Chief Judge; and MARTIN and MILBURN, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Michael A. Eve was charged with one count of using a false Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B). Eve pled guilty to this offense. Eve's Presentence Report calculated his overall offense level under the Sentencing Guidelines by relying on a base offense level of 6 and sentencing enhancements of two points each for obstruction of justice, a scheme involving more than minimal planning, and violation of a standing judicial order. Eve's criminal history placed him in category VI; therefore, his sentencing range was 24 to 30 months.[1] The district court determined that an upward departure from the guidelines range was necessary; therefore, Eve was sentenced to the statutory maximum of five years. Eve appeals the two-point enhancements to his base offense level and the district court's upward departure from the guidelines. We affirm in part and reverse in part and remand to the district court for resentencing consistent with this opinion.

At the time of the offense which forms the basis for this appeal, Michael Eve was under two separate driving suspensions from the State of Ohio. On November 15, 1989, Eve received a 99–year suspension of his driver's license, resulting from numerous convictions of Driving Under the Influence of Drugs or Intoxicants. He received an additional five-year suspension of his license on July 3, 1990.

After Eve received these suspensions, Maureen Solberger, a friend of Eve, obtained a certified copy of William E. Weisbrodt's Certificate of Live Birth from the Kentucky Department of Human Resources, Division of Vital Statistics, in Frankfort, Kentucky. On October 9, 1990, Eve took Weisbrodt's birth certificate to the Social Security Administration Office in Losantiville, Ohio and used it as identification to obtain a number identity (numident) computer printout sheet on Weisbrodt. The numident printout contained Weisbrodt's Social Security Number, date of birth, and other background information. Eve took the numident printout sheet to the Ohio Driver's License Testing Station in Evandale, Ohio, where he obtained an Ohio driver's license in the name and Social Security Number of William E. Weisbrodt.

On July 30, 1991, while using the false driver's license, Eve was arrested in Ohio for Driving Under the Influence. He was scheduled for arraignment in municipal court on August 5, 1991, but he failed to appear. On September 17, 1991, Eve was arrested by federal authorities for using a false Social Security Number after Solberger confessed to defrauding the Social Security Administration and reported Eve to the authorities. At his initial appearance, Eve did not provide complete information to the court regarding his criminal record, and the Magistrate's Order of Detention noted that "Eve lied to the Court about his record."

Eve pled guilty to one count of using a false Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), on October 10, 1991. Eve's Presentence Report established his base offense level as 6. U.S.S.G. § 2F1.1(a). The probation officer enhanced the base offense level by two points for

---

1. The Probation Officer also made a downward adjustment to Eve's base offense level for accep-

tance of responsibility. This adjustment, however, is not an issue before this court.

obstruction of justice because Eve had lied to the Magistrate and to the Pretrial Services Officer about his criminal history. U.S.S.G. § 3C1.1. Eve also received two-point enhancements because his offense involved "more than minimal planning," U.S.S.G. § 2F1.1(b)(2)(A), and because Eve violated a standing judicial order. U.S.S.G. § 2F1.1(b)(3)(B). Finally, the officer reduced the offense level by two points for acceptance of responsibility. U.S.S.G. § 3E1.1(a). Therefore, Eve's adjusted base offense level was 10. Eve received 13 points for his criminal history, a result of numerous drunk driving convictions, domestic violence, receipt of stolen property, and contempt of court. As a result, the Presentence Report placed him in Criminal History Category VI.

The offense grid for a base offense level of 10 and criminal history category of VI mandates a sentence between 24 and 30 months. The probation officer recommended that the district court depart upward from the guidelines range for five reasons: (1) four of Eve's prior felonies did not appear in his criminal history category because they exceeded the time limitations specified by the guidelines; (2) Eve's criminal history category was already at the highest level; (3) Eve continued to drive after numerous convictions for Driving Under the Influence and after revocation of his license; (4) Eve's purpose in using the false Social Security Number was to obtain a new driver's license; and (5) Eve was arrested for Driving Under the Influence while using the false driver's license. The district court adopted the findings of the Presentence Report and the reasons proffered to support an upward departure from the guidelines range. The court then sentenced Eve to five years in prison, the statutory maximum for his offense. Eve appeals the length of his sentence, arguing that the enhancements for obstruction of justice, more than minimal planning, and violation of a standing judicial order were improper, and that the district court incorrectly departed upward from the guidelines range.

▆ The district court's findings on circumstances which may warrant an enhancement of the base offense level are factual in nature. *See United States v. Williams*, 952 F.2d 1504 (6th Cir.1991). "This court will accept the factual findings of a district court in respect of the sentencing guidelines unless they are clearly erroneous, and will give due deference to the district court's application of the guidelines to the facts." *Id.* at 1514 (citations omitted). The district court's determination that a defendant obstructed justice in connection with the offense is a factual determination which this court reviews under the clearly erroneous standard. *Id.* Similarly, the district court's finding that the defendant's offense involved more than minimal planning is a factual finding, reviewed by this court only for clear error. *United States v. Lennick*, 917 F.2d 974, 979 (7th Cir.1990). We find nothing in the record to support Eve's argument that the district court was clearly erroneous in determining that Eve's actions warranted enhancement for obstruction of justice, U.S.S.G. § 3C1.1, and more than minimal planning. U.S.S.G. § 2F1.1(b)(2)(A).

▆ We also reject Eve's argument that enhancement of his offense level for violation of a standing judicial order was incorrect. Section 2F1.1(b)(3)(B) of the sentencing guidelines provides for such enhancement when a defendant "violat[es] *any* judicial or administrative order ..." (emphasis added). Although no standing judicial order prohibited Eve from obtaining a false Social Security Number, he was subject to a court order preventing him from operating a motor vehicle for at least 99 years. Eve's only apparent purpose in obtaining the false Social Security Number was to obtain a driver's license, and Eve actually used the fraudulent driver's license for several months despite the court order not to drive. Therefore, the district court did not err in enhancing Eve's sentence for violating a standing judicial order.

▆ When reviewing a district court's upward departure from the applicable sentencing guidelines range, this court employs a somewhat stricter standard of scru-

tiny. *See United States v. Joan,* 883 F.2d 491, 494 (6th Cir.1989). Generally, a sentencing judge must impose a sentence within the guidelines range; however, upward departure is permissible if the court finds an aggravating circumstance not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b) (1985 & Supp. 1992). Even if the guidelines address the asserted basis for departure, the district court may depart upward "if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." *United States v. Lassiter,* 929 F.2d 267, 270 (6th Cir.1991) (citations omitted).

■ As we stated in *Joan,* 883 F.2d at 494, this court follows a three-step test in reviewing sentences which depart from the guidelines:

First, we assay the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary: whether or not circumstances are of a kind or degree that they may appropriately be relied on to justify departure is, we think, a question of law. Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves factfinding and the trier's determinations may be set aside only for clear error.

Third, once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness.... This third step involves what is quintessentially a judgment call.

Thus, we must first determine whether, as a matter of law, the circumstances of Eve's case were sufficiently unusual to warrant upward departure from the guidelines. *Id.* See also *United States v. Rodriguez,* 882 F.2d 1059, 1067 (6th Cir.1989), *cert. denied,* 493 U.S. 1084, 110 S.Ct. 1144, 107 L.Ed.2d 1048 (1990). In essence, the circumstances relied on by the district court must be of a kind or to a degree which the Sentencing Commission did not adequately take into consideration in formulating the guidelines. *Id.;* 18 U.S.C. § 3553(b). If the guidelines adequately address the basis for departure relied on by the district court and no other unusual circumstances exist, the departure is not valid, and this court need not consider the remainder of the test articulated in *Joan. See Rodriguez,* 882 F.2d at 1067.

■ The district court relied on five grounds when it determined that Eve's case warranted an upward departure from the guidelines to the statutory maximum sentence. Two of these factors involved the extent of Eve's criminal history. "The extent of [a defendant's] criminal history is a circumstance that may be appropriately relied upon to justify departure." *United States v. Belanger,* 892 F.2d 473 (6th Cir. 1989). As the Sentencing Commission has explained in its policy statement on the adequacy of the criminal history category, U.S.S.G. § 4A1.3,

[T]here may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted.

In *Belanger,* we held that the defendant's criminal history category was so egregious and severe that it warranted an upward departure. *Belanger,* 892 F.2d at 475. The defendant in *Belanger,* however, had received 29 points in his criminal history computation, which is more than double the number of points required to place a defendant in Category VI. Eve, on the other hand, scored only 13 points in his criminal history category, the minimum number of points required to warrant a Category VI. The extent of Eve's criminal history, unlike that of the defendant in *Belanger,* simply is not so egregious or severe that it warrants an upward departure from the guidelines by the district court. *Cf. Joan,* 883 F.2d at 495. Furthermore, the district

court improperly relied on the exclusion of four of Eve's prior convictions from his criminal history category to justify the upward departure. The guidelines specifically state that sentences imposed more than 15 years before the instant offense do not enter the criminal history computation. U.S.S.G. § 4A1.2(e)(3). Eve's four excluded convictions were more than 15 years before this offense; therefore, the Presentence Report did not include the convictions in Eve's criminal history. The guidelines do provide a very narrow exception to the exclusion of old sentences. U.S.S.G. § 4A1.2, comment. (n.8). Under this exception, "[i]f the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3 (Adequacy of Criminal History Category)." In this case, however, the criminal history section of the sentencing guidelines adequately addresses the concerns the district court had with Eve's criminal history. As such, Eve's criminal history, albeit extensive, does not warrant an upward departure.

■ The remaining three grounds relied on by the district court as justification for its upward departure concern Eve's underlying purpose in committing his offense. Again, in our opinion, the guidelines adequately address the circumstances of Eve's case, and these circumstances are not sufficiently unusual to warrant a departure. The guideline relevant to Eve's case governs all offenses involving fraud and deceit. U.S.S.G. § 2F1.1. The background note to this section explains that "[t]his guideline is designed to apply to a wide variety of fraud cases." Moreover, the guideline itself provides for upward and downward adjustments to the offense level to fit the specific circumstances of the offense in a given case. In fact, Eve received, and we now uphold, several of those enhancements. Therefore, the district court's upward departure based on the nature of Eve's offense was unwarranted.

Accordingly, we affirm the district court's enhancement of Eve's sentence for obstruction of justice, more than minimal planning, and violation of a standing judicial order. We reverse, however, the district court's upward departure from the guidelines range, and remand to the district court for sentencing consistent with this opinion.

MERRITT, Chief Judge, concurring in part and dissenting in part.

The record in this case does not adequately reflect a basis for the two point enhancement of Eve's sentence for obstruction of justice. Eve pled guilty and was given a two point reduction for acceptance of responsibility. I do not understand the factual or legal basis for the enhancement for obstruction of justice in light of the reduction for acceptance of the responsibility. I therefore dissent from that portion of the Court's opinion which approves the enhancement for obstruction of justice.