1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald SCOTT, Defendant-Appellant.
 No. 92-2244.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: KENNEDY and MARTIN, Circuit Judges; and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Donald Scott appeals the sentence imposed after his guilty plea to a charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1). Scott's plea agreement with the government required the district court to sentence Scott to no greater a sentence than the middle level of the appropriate guidelines range. The district court rejected Scott's plea agreement with the prosecution, finding an upward departure from the guidelines range warranted in light of Scott's extensive criminal history. The court then sentenced Scott to thirty-three months, a sentence at the upper limit of the guidelines range. We reverse.
 
 
 2
 On July 18, 1989, Scott was stopped by police in Saginaw, Michigan for driving a car with a shattered windshield. The arresting officer discovered a .45-caliber live round of ammunition in the glove box and a 45-caliber semi-automatic pistol in the trunk of the car driven by Scott. On July 10, 1991, Scott was indicted on one charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1), and one charge of possession of ammunition by a convicted felon, also in violation of 18 U.S.C. Sec. 922(g)(1).
 
 
 3
 Scott entered a plea agreement with the prosecution in which he agreed to plead guilty to the charge of felon in possession of a firearm in return for the dismissal of the ammunition charge and for a stipulation that any sentence imposed would not exceed the middle of the applicable sentencing guidelines range. Scott also reserved the right to request a two-point reduction in his base offense level for acceptance of responsibility; however, the prosecution argued against such a reduction. The district court accepted Scott's guilty plea on April 21, 1992, but it deferred its acceptance of the proposed plea agreement until after the court could review the presentence report.
 
 
 4
 The presentence report calculated Scott's base offense level to be level nine, pursuant to U.S.S.G. Sec. 2K2.1, the provision governing unlawful possession of a firearm. The presentence report disclosed an extensive criminal history for which Scott received a criminal history category calculation of eighteen points. Most of the criminal history points, however, resulted from misdemeanor convictions for which Scott's imprisonment, if any, was less than sixty days. The presentence report also noted two pending criminal charges against Scott for unlawful possession of cocaine with intent to sell and aggravated assault. The report recommended that the district court deny Scott's request for an acceptance of responsibility reduction, despite a letter from Scott's minister indicating that Scott had come to the church with a "contrite and broken spirit," having resolved to abandon his criminal activities. The presentence report calculated a sentencing range of twenty-one to twenty-seven months. The report, however, noted that upward departure from this sentencing range might be warranted because Scott's criminal history category did not adequately reflect the seriousness of his past conduct or the likelihood that he would commit other crimes.
 
 
 5
 The district court sentenced Scott on September 16, 1992. At the sentencing hearing, the district court informed Scott, pursuant to a previous sentencing memorandum, that it intended to reject the proposed plea agreement because the court felt that the criminal history calculation contained in the presentence report underrepresented the severity of Scott's criminal history. As such, the court advised Scott that it intended to depart upward from the guidelines range contained in the presentence report. Although the court properly informed Scott that he could withdraw his guilty plea, Scott chose to persist in pleading guilty. The court then sentenced Scott to thirty-three months' imprisonment, a sentence which reflected the court's upward departure based on its determination that the criminal history score did not adequately reflect the seriousness of Scott's recorded criminal history. The court denied a reduction for acceptance of responsibility, finding that Scott had not proven by a preponderance of the evidence that he was entitled to such a reduction. On appeal, Scott argues that the district court erred by departing upward from the guidelines range and by refusing a reduction for acceptance of responsibility.
 
 
 6
 The district court may depart from the otherwise applicable guidelines range if reliable evidence indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. U.S.S.G. Sec. 4A1.3. As we recently noted in United States v. Eve, 984 F.2d 701, 704 (6th Cir.1993), "upward departure is permissible if the court finds an aggravating circumstance not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." The district court departed from the guidelines because it felt that Scott's criminal history category did not adequately reflect his criminal history. Although the extent of a defendant's criminal history may justify an upward departure in some circumstances, the district court may not fashion an upward departure based on criminal history if the guidelines adequately take the nature of that history into consideration. See id. at 704-05.
 
 
 7
 Although Scott received a total of eighteen criminal history points, eleven of those points were for misdemeanor convictions. Several of his convictions involved sentences of less than sixty days' imprisonment, and the guidelines provide that a defendant may receive a maximum of four points for convictions in this category. U.S.S.G. Sec. 4A1.1(c). The presentence report properly reduced Scott's calculation by four points under this provision. Our review of Scott's criminal history computation also reveals that the presentence report improperly assessed a point for Scott's conviction of Reckless Driving on September 13, 1979. The guidelines expressly exclude convictions for Reckless Driving when the sentence is less than thirty days and the present conviction does not involve reckless driving. U.S.S.G. Sec. 4A1.2(c)(1). The guidelines also exclude convictions for Public Intoxication; therefore, Scott should not have received points for his conviction of Open Intoxicant on July 18, 1989. U.S.S.G. Sec. 4A1.2(c)(2). Finally, it appears that Scott's conviction for Assault and Battery on April 7, 1988 was really a conviction for Resisting Arrest, which the presentence report should have excluded. U.S.S.G. Sec. 4A1.2(c)(1). Accordingly, Scott should have received only thirteen criminal history points, the minimum number of points necessary for Criminal History Category VI.[1] Each of the convictions cited by the district court was explicitly taken into consideration by the guidelines, whether as an exclusion or as an addition, in Scott's criminal history category. The district court, therefore, should not have departed from the guidelines range based on information which was "adequately taken into consideration by the Sentencing Commission."
 
 
 8
 We review the district court's acceptance or denial of a reduction in the offense level for acceptance of responsibility only for clear error. United States v. Osborne, 948 F.2d 210, 211-12 (6th Cir.1991). A defendant who enters a guilty plea is not entitled to a reduction for acceptance of responsibility as a matter of right. United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992). Rather, even if a defendant pleads guilty, the district court may refuse to award a sentence reduction if it finds that other conduct by the defendant warrants a denial of the reduction. See United States v. Guam, 898 F.2d 1120, 1122 (6th Cir.1990). We find no clear error in the district court's determination that Scott had not demonstrated that he should receive a sentence reduction for acceptance of responsibility.
 
 
 9
 Accordingly, the judgment of the district court is reversed and we remand for resentencing consistent with this opinion and within the applicable guidelines range.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 The convictions for Open Intoxicant and Assault and Battery were already "excluded" under section 4A1.1(c), which limits the points for misdemeanor convictions for which a defendant receives a sentence of less than sixty days