23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES, Respondent,
v.
Michael RISELAY Joseph Botello, Defendants-Appellants.
 Nos. 93-1763, 93-1884.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendant Riselay appeals his sentence and defendant Botello appeals his conviction and sentence in this drug conspiracy case. Riselay pleaded guilty to conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. Sec. 841. A jury convicted Botello of the same charges as well as two counts of distribution of marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Both defendants challenge the district court's determination of the amount of marijuana for which each is responsible. Botello also challenges the district court's admission of a police expert's testimony regarding drug paraphernalia and distribution techniques. Because we find no error, we affirm in all respects.
 
 1. Quantities of Drugs
 
 2
 Of the total amount of marijuana found by the district court to be attributable to each defendant, Riselay challenges two findings pertaining to the amount of marijuana--a finding that he possessed 178 pounds and another finding that he possessed an additional 60 pounds. Botello contests the same 178 pound quantity found by the district court and two other findings of 50 pounds each.
 
 
 3
 Both defendants challenge the district court's factual finding at sentencing that they controlled 178 pounds of marijuana. Findings of fact underlying a sentence determination are reviewed for clear error. U.S. v. Eve, 984 F.2d 701, 703 (6th Cir.1993). The court's finding was based on statements by a government informant, Nichols, who testified that he heard Riselay tell Botello that he had "178 cartons left." Nichols also testified that "cartons" was a code word for pounds of marijuana, and a second informant, Curtis, confirmed that the group used cigarette terminology to refer to marijuana. Nichols' statements were included in the Presentence Reports for both defendants, which the district court adopted. In addition, the district court judge presided over defendant Botello's trial and heard Nichols' testimony that Riselay made the statement. Defendants contend that Riselay did not make this statement. Riselay also contends that the court did not have a sufficient basis upon which to determine that "178 cartons" referred to 178 pounds of marijuana.
 
 
 4
 Defendants argue that their denials should be given more weight than the informant's testimony because the latter is hearsay and because the 178 pounds of marijuana was never actually seized. The district court obviously found the informant to be more credible. In addition, the normal rules of evidence do not apply to sentencing procedures. U.S. v. Silverman, 976 F.2d 1502 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1595 (1993). Hearsay statements may be considered provided that the court believes that the information is reliable and that the defendant has an opportunity to refute the hearsay information by presenting evidence to show that the informer's statement was false or unreliable. Id.; U.S. v. Holmes, 961 F.2d 599, 603 (6th Cir.1992); U.S. v. Robinson, 898 F.2d 1111 (6th Cir.1990). Based on live testimony and the Presentence Reports, the district court found the evidence that defendants controlled the 178 pounds to be reliable.
 
 
 5
 Riselay similarly offers no more than a denial in his challenge to the district court's finding that "178 cartons" referred to 178 pounds of marijuana. Both Nichols and Curtis testified that "cartons," "cartons of cigarettes" or "cigarettes" are code words for marijuana. Defendants' denials do not provide a sufficient basis for reversing the district court's inclusion of the 178 pounds in the calculation of each defendant's base offense level.
 
 
 6
 Riselay also challenges the district court's inclusion of 60 pounds of marijuana in its calculation of the total amount of drugs for which he was responsible. Although Riselay admitted that he stored 60 pounds of marijuana at his home and that he saw 60 pounds of marijuana at Botello's home, he contends that these quantities are the same marijuana. The district court did not accept this characterization of the testimony and counted each 60 pound quantity separately. In support of his contention that 60 pounds was the total amount involved, Riselay contends that only 15 grams of marijuana were actually seized. This Court need not determine whether the district court erred in its finding that Riselay controlled two distinct 60 pound quantities. Riselay was found responsible for 139.73 kilos of marijuana. Even if we were to deduct the 60 pounds, Riselay would still be responsible for over 100 kilos and thus his base offense level would remain at 26.
 
 
 7
 Defendant Botello challenges the district court's finding that there were three different 50 pound bags involved in the conspiracy. Defendant acknowledges that the government relied on informant Curtis, who testified that he saw a 30-50 pound garbage bag of marijuana in Botello's garage in the summer of 1991. In addition, informant Nichols testified that he saw one 20-30 pound garbage bag at Botello's home in "late 1991" and Curtis testified that he witnessed a payment of $25-30,000 dollars in March, 1991. Apparently, the district court inferred that a third garbage bag was involved in exchange for the March 1991 payment, but there was no direct testimony regarding the existence of such a quantity. Again, this Court need not determine the exact quantities involved, since were we to deduct the entire 150 pounds from the 193.894 kilos for which Botello was held responsible, well over 100 kilos would remain. Botello's offense level and guideline range would therefore remain the same.
 
 2. Expert Testimony
 
 8
 During Botello's trial, the district court allowed a police expert to testify regarding drug trafficking practices. At the time the witness was proffered, the prosecution indicated that the witness would testify as an expert "in the area of drug distribution methods, drug paraphernalia, packaging" and related issues. (App. 79) The district court explained further that the expert would testify regarding drug purchases, jargon, prices and "things related to trafficking illegally in drugs." (App. 82-83). The defendant expressly agreed to the admission of the testimony as long as (1) the witness limited his testimony to the areas which the court enumerated and (2) the court provided a cautionary instruction to the jury. On appeal, defendant argues that the district court failed to limit the testimony and to caution the jury.
 
 
 9
 The defendant does not point to the specific testimony of the expert which he contends is beyond the agreed scope; he merely asserts that the judge ruled regarding limiting the scope of the testimony and then ignored this ruling. At trial the defendant objected to two questions. The first concerned the usefulness of informants. The expert testified that cases would not be very successful without informants "because it's hard to get an unknown person into a narcotic trafficker's world without somebody that's a trusted friend or associate to introduce us to them." (App. 84). The second concerned the factors which determine the differing quality of marijuana, such as its toxicological effect. At trial, the defendant objected on the ground that the toxicological effect of drugs was beyond the witnesses expertise and beyond the scope of the testimony as prescribed by the court.
 
 
 10
 Both areas of the expert's testimony are reasonably related to drug purchases and sales in the community, prices, jargon and "things of that nature" as prescribed by the district court. Although the testimony regarding the use of informants does not fall precisely with these specific categories, we find it to be within the general parameters which the court set out. The testimony regarding drug quality is directly related to the issue of price. Regarding the scope of witness expertise, the district court has discretion. This Court will sustain its determination unless "manifestly erroneous." U.S. v. Straughter, 950 F.2d 1223, 1233 (6th Cir.1991). The court's decision to allow the toxicology explanation was not erroneous.
 
 
 11
 Defendant also complains that although the district judge agreed to give the jury a cautionary instruction regarding the testimony he failed to do so. The government correctly cites trial transcript to show that the court did indeed provide such an instruction. (App. 83-84).
 
 
 12
 Accordingly, the judgments of the district court are affirmed as to both defendants.
 
 
 13
 This case is not recommended for publication in the Federal Reporter.