28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Deandre MATHIS, Defendant-Appellant
 No. 93-1636.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 Before: MARTIN, and BATCHELDER, Circuit Judges, and HULL, District Judge.
 PER CURIAM.
 
 
 1
 Appellant was indicted for various violations of federal drug and gun control laws. The district court rejected Appellant's initial plea agreement. Pursuant to a new plea agreement, Appellant entered guilty pleas to one count of crack cocaine distribution, 21 U.S.C. Sec. 841(a)(1), and one count of firearm possession as a felon, 18 U.S.C. Sec. 922(g). The district court accepted the pleas and the agreement and sentenced Appellant to two concurrent eighty-seven-month terms of imprisonment. Appellant challenges the district court's discretion to reject the first plea agreement. We affirm.
 
 
 2
 * Appellant frequented a private residence which was commonly the site of illegal drug transactions. Twice, Appellant himself sold cocaine base to an undercover police officer at this residence while a juvenile watched the transaction and openly displayed a firearm. A search of the residence turned up approximately eight grams of cocaine base. Agents later arrested Appellant, a felon, in his home. During the course of the arrest, the agents found an assault rifle.
 
 
 3
 On April 8, 1992, Appellant offered a guilty plea to one distribution charge and one charge of firearm use. The plea agreement, which capped Appellant's sentence at seventy-four months, considered one prior drug conviction and the cocaine Appellant personally sold to the undercover officer. The court rejected the plea agreement, supporting instead the guideline range of 138 to 157 months recommended in the presentence report. The report's calculation reflected a second drug conviction entered in state court after the government had mailed the first plea agreement to Appellant. The report also held Appellant responsible for the cocaine seized during the search of the residence even though Appellant was not present when the search was made.
 
 
 4
 On February 2, 1993, Appellant pleaded guilty to one count of distribution and one count of firearm possession as a felon. The parties submitted a plea agreement which used the drug quantity recommended in the presentence report. The government dropped the remaining counts and approved a reduction for acceptance of responsibility. The court accepted the plea and the agreement and sentenced Appellant to concurrent eighty-seven-month terms, the maximum permitted by the agreement.
 
 II
 
 5
 Appellant assigns as error the district court's rejection of the initial plea agreement. Appellant contends that the district court must accept a plea agreement unless the agreement resulted from the prosecutor's dereliction in duty. Any less stringent standard, Appellant argues, involves the judge in plea agreements, in violation of Rule 11(e)(1) of the Federal Rules of Criminal Procedure. We find no merit in Appellant's claim.
 
 
 6
 The United States Sentencing Guidelines establish standards for the acceptance of plea agreements. U.S.S.G. Sec. 6B1.2. Neither the purpose nor the effect of these standards, however, is to circumscribe substantive judicial discretion in this area. U.S.S.G. Ch. 6, Pt. B, intro. comment. Indeed, the Guidelines emphasize that "sentencing is a judicial function and that the appropriate sentence in a guilty plea case is to be determined by the judge." Id. In a sentencing guidelines case, this Court will accept the district court's factual findings unless they are clearly erroneous and will give due deference to the district court's application of the guidelines to the facts. 18 U.S.C. Sec. 3742(e) (Supp.1993). Accordingly, we will not ordinarily disturb the sentencing guidelines decisions of the district courts. See United States v. Eve, 984 F.2d 701, 703 (6th Cir.1993); United States v. Williams, 952 F.2d 1504, 1514-17 (6th Cir.1991).
 
 
 7
 Under Sec. 6B1.2(c) of the guidelines, the district court may accept a sentence agreement if it is satisfied that the agreed sentence either falls within the applicable guideline range or departs from that range for justifiable reasons. The trial judge below rejected the initial plea agreement because in addition to a second state narcotics conviction, the parties improperly excluded the quantity of drugs discovered at the residence where Appellant dealt crack cocaine.
 
 
 8
 The district court's factual findings and application of the guidelines in this case deserve our deference. Section 1B1.3(a)(2) of the guidelines defines the conduct relevant to base offense level. U.S.S.G. Sec. 1B1.3(a)(2). Under that section, actions undertaken in concert with others, whether or not charged as a conspiracy, are relevant conduct when part of the same course of conduct or common scheme or plan as the offense of conviction. Id.
 
 
 9
 In United States v. Sailes, 872 F.2d 735, 738-39 (6th Cir.1989), the defendant pleaded guilty to aiding her son's drug distribution. The sentencing judge held the defendant responsible for the entire quantity of cocaine found on her property even though the defendant was aware of only a portion of it. Id. In the instant case, Appellant and others routinely engaged in drug activity at a residence from which a quantity of cocaine was later seized. Police found some of the cocaine on the person of the juvenile who acted as Appellant's partner in two drug deals. Under these circumstances, the sentencing judge properly considered the amount seized outside of Appellant's presence. See also United States v. Miller, 910 F.2d 1321, 1326 (6th Cir.1990), cert. denied, 498 U.S. 1094, 111 S.Ct. 980 (1991).
 
 
 10
 The district court did not breach Rule 11(e)(1) of the Federal Rules of Criminal Procedure. Rule 11(e)(1) forbids the district court from participating in plea discussions between the defendant and the government. Fed.R.Crim.P. 11(e)(1). By rejecting an agreed sentence incorrectly calculated, the trial judge followed the directive in Sec. 6B1.2(c) of the guidelines. Adherence to the guidelines' standards for acceptance of plea agreements cannot in itself constitute inappropriate involvement in plea negotiations.
 
 III
 
 11
 District court discretion to review plea agreements is critical to uniform application of the guidelines. The trial judge in this case properly exercised his discretion.
 
 
 12
 The judgment of the district court is AFFIRMED.