48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Robert JACOBS, Defendant-Appellant.
 No. 93-1666.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1995.
 
 Before: CELEBREZZE, MARTIN, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant, William Robert Jacobs, was indicted in the United States District Court for the Eastern District of Michigan, Southern Division, on three counts. A plea agreement was entered into whereby defendant entered a guilty plea to count two of the indictment which charged him with violating 18 U.S.C. Sec. 922(j), knowingly receiving stolen firearms and stolen ammunition. A Presentence Investigation Report was prepared impugning defendant with the responsibility for 100 to 150 stolen firearms. Defendant filed an objection to this finding, claiming that there were less than 50 firearms involved. The district court conducted an evidentiary hearing on the issue, after which the district court held that more than 50 firearms were involved. Hence, because more than 50 firearms were involved, the district court increased defendant's sentence by six levels, pursuant to U.S.S.G. 2K2.2(b)(1)(F). Defendant was sentenced to eighteen months imprisonment, three years supervised release, and a $50.00 special assessment. Defendant filed a timely Notice of Appeal. The sole issue on appeal is whether the district court erred in determining that more than fifty firearms were involved.
 
 I.
 
 2
 At the evidentiary hearing, which was held to determine the number of guns involved, defendant testified on his own behalf. He stated that he had only received 10-12 handguns and 14-16 long guns. He admitted he had lied to federal agents regarding his involvement in receiving and selling firearms when previously questioned by authorities. Defendant also presented the direct testimony of three witnesses who stated that when defendant had shown them weapons in his possession, they numbered less than twenty.
 
 
 3
 The government presented the testimony of a co-defendant, Floyd Brockitt, Sr. Brockitt told the court, at the hearing, that defendant had received only 30 or 40 weapons, in contravention of his earlier statement to authorities that defendant received 75-100 firearms. The government also proffered the testimony of another co-defendant, Lawrence Moore Stokes, who testified that he had delivered more than fifty firearms to defendant. Government witness Special Agent Jacquelyn Holmes of the ATF testified that Brockitt previously had told her that he had delivered 150 guns to defendant. Holmes also affirmed that Brockitt's son told her that defendant had taken about 200 firearms.
 
 
 4
 Furthermore, a polygraph test, which was administered to defendant as an element of the plea agreement, indicated defendant was lying when he stated during the test that he did not receive more than thirty firearms.
 
 
 5
 The district court found that, on the basis of its credibility assessments, defendant had indeed received more than fifty firearms. The district court further noted that, even assuming defendant's witnesses were truthful, their testimony was not dispositive of the issue because the number of weapons defendant might have shown them was not necessarily the total quantity of weapons defendant may have received.
 
 II.
 
 6
 Defendant asserts on appeal that the district court erred in finding that there were more than fifty firearms involved. Defendant argues that the evidence introduced at trial supported his claims that there were less than fifty weapons and that the testimony against him was not credible. Accordingly, defendant asserts that an error of law was made in determining the sentencing range for defendant's offense.
 
 
 7
 At the sentencing hearing, the government bore the burden of proving the enhancement of defendant's sentence by a preponderance of the evidence. United States v. Caroll, 893 F.2d 1502 (6th Cir.1990). On appeal, this court will review the district court's factual findings supporting the enhancements for clear error. United States v. Eve, 984 F.2d 701, 703 (6th Cir.1993); See also 18 U.S.C. Sec. 3742(e).
 
 
 8
 In the case at bar, the evidence supported the district court's conclusion that defendant received more than fifty firearms. The government introduced the statements of both co-defendants that as many as one hundred firearms were involved. The only relevant evidence, supporting defendant's assertions, was his own self-serving testimony. In light of the dubious quality of his previously entered statements, it is understandable that the district judge felt defendant's testimony lacked credibility. His own witnesses could testify only as to what they were shown by defendant. As the district judge noted, this testimony was simply too attenuated to suggest that the guns shown to others by defendant necessarily were the only guns defendant had received.
 
 
 9
 Accordingly, it cannot be said that the district court's conclusions were error at all, and certainly not clearly erroneous.
 
 III.
 
 10
 The Order of the District Court is hereby AFFIRMED.