96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonza FINCH, Defendant-Appellant.
 No. 95-1496.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1996.
 
 Before: MARTIN, BATCHELDER, Circuit Judges, and OLIVER, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant Alfonza Finch appeals his guidelines-imposed sentence on various grounds. For reasons explained below, we AFFIRM.
 
 I.
 
 2
 Finch was charged in a ten-count indictment with conspiring to distribute cocaine base in violation of 21 U.S.C. § 846, distributing cocaine base on several different occasions in violation of 21 U.S.C. § 841(a)(1), and being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). A jury convicted him of conspiracy, illegal possession of a firearm, and six counts of distributing cocaine base. At sentencing, the district court imposed a prison term of 84 months to be followed by a five-year supervised release. Finch timely appeals his sentence on four separate grounds.
 
 II.
 A. U.S.S.G. § 5K1.1
 Departure
 
 3
 Finch first challenges the district court's refusal to grant him a downward departure pursuant to U.S.S.G. § 5K1.1 (1993). See 18 U.S.C. § 3553(e).
 
 
 4
 A district court's refusal to downward depart under § 5K1.1 for substantial assistance is not an appealable issue. United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991). In United States v. Bureau, 52 F.3d 584, 595 (1995), however, we explained that a defendant may appeal a district court's determination not to downward depart for substantial assistance where the district court's determination was based, in part, on the possibility that a Rule 35(b) motion might be made at some time in the future. According to Bureau: "[T]he sentencing judge has an obligation to respond to a § 5K1.1 motion and then to state the grounds for action at sentencing without regard to future events. Id. (citing United States v. Drown, 942 F.2d 55, 59 (1st Cir.1991)).
 
 
 5
 Finch seeks to invoke Bureau in support of his stance, arguing that the district court improperly considered the potential for a Rule 35 motion as a reason for not granting him the § 5K1.1 departure. We do not read the record as Finch evidently does. We acknowledge that stray comments in the district court's colloquy might be read to support Finch's position, but we do not think such comments are sufficient to override the district court's determination that Finch had not provided substantial assistance and, therefore, did not warrant the § 5K1.1 departure. As a result, we find that Bureau does not govern our disposition of this case, and affirm the district court's decision not to downward depart.
 
 B. Failure to Consider § 5K1.1
 Factors--Harmless Error
 
 6
 Finch makes an alternate argument assigning error to the district court's refusal to grant him a § 5K1.1 downward departure. Finch maintains that the district court neither gave any indication that it considered the various factors of § 5K1.1, nor any indication of what weight it gave each of the § 5K.1 factors. Finch cites United States v. Mariano, 983 F.2d 1150, 1157 (1st Cir.1993), for the proposition that "[a] district court, faced with a section 5K1.1 motion, must at a bare minimum indicate its cognizance of these factors." Finch goes on to argue that, if the district court had properly considered these factors, it would have found he qualified for the downward departure under that section. We address both points at once.
 
 
 7
 As previously noted, the district court held that Finch failed to provide substantial assistance to the government and that he, therefore, did not merit a § 5K1.1 departure. Finch does not assail the district court's conclusion as lacking in factual support in the record. As a result, any error there might otherwise be in the district court's refusal to grant Finch a downward departure under a Mariano theory would be harmless. See FED.R.CRIM.P. 52(a).
 
 C. Definitional Problems
 
 8
 Finch's third assignment of error relates to the district court's decision to sentence him under the "cocaine base" or "crack" provision of the guidelines. U.S.S.G. § 2D1.1 (1993). Specifically, Finch contends that none of the government's experts testified that the substances they tested were cocaine hydrochloride or sodium bicarbonate, as defined in § 2D1.1.
 
 
 9
 The question of the substances with which Finch was charged for distributing is a question of fact for the district court to decide. We thus review this finding for clear error. United States v. Eve, 984 F.2d 701, 703 (6th Cir.1993).
 
 
 10
 The guidelines plainly provide that "cocaine base" for the purposes of sentencing "means 'crack.' " § 2D1.1. This fact, combined with (a) the Guideline's reference to the "street name" for the substance, the distribution of which formed part of the basis of Finch's conviction, and (b) the sentencing court's finding that "we're dealing with a hard rocklike substance which ... fits the description of crack cocaine" are sufficient for the purposes of upholding Finch's sentence.
 
 
 11
 Moreover, there is simply no basis for the Finch's assertion regarding the government's proffers of evidence. The government correctly points out that each of its expert witnesses testified that the substance he or she tested was "cocaine base." Based upon all of these considerations, we simply cannot conclude that the district court erred in sentencing Finch for "crack cocaine."
 
 
 12
 D. Cocaine: Crack Cocaine Ratio Unconstitutional
 
 
 13
 Finch's final assignment of error is that the 100:1 "quantity ratio of powder cocaine to crack cocaine violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Due Process and equal protection guarantees of the U.S. Constitution." Finch acknowledges that he is aware that this Circuit has directly rejected his contention and has repeatedly upheld the ratio against constitutional attack, including the claim of racial discrimination. See United States v. Reece, 994 F.2d 277 (6th Cir.1993); United States v. Wilson, 972 F.2d 349 (6th Cir.1992); United States v. Adams, 985 F.2d 561 (6th Cir.1993); United States v. Williams, 962 F.2d 1218 (6th Cir.1992)). We adhere to that precedent and reject Finch's last assignment of error.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Hon. Solomon Oliver, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation