NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0168n.06

Case No. 14-5704

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="2"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td>GARY MUSICK,</td><td>)</td><td>KENTUCKY</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>OPINION</td></tr>
</table>

BEFORE: KETHLEDGE and DONALD, Circuit Judges; McCALLA, District Judge.[*]

**JON P. McCALLA, District Judge.** Gary Musick appeals his sentence imposed for conspiracy to introduce contraband into a federal correctional facility and for possessing contraband in a federal correctional facility. On appeal, Musick argues: (1) the district court made an improper Guidelines calculation based on the improper use of a "pseudo count"; (2) the district court improperly varied upwards from the applicable Guidelines range on the basis of Musick's excluded prior convictions; and (3) the district court imposed a substantively unreasonable sentence on the basis of dangers that were adequately taken into consideration by

---

[*]The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

the Sentencing Guidelines themselves. For the reasons discussed below, we **AFFIRM** Musick's

sentence.

**I**

On September 12, 2013, Gary Musick, an inmate serving a 235 month sentence at the

Federal Correctional Institution in Ashland, Kentucky, was named as a defendant in the first two

counts of a three count indictment. (R. 1.) Count One charged Musick with conspiracy on two

related grounds: possessing prohibited objects in a federal correctional facility, and introducing

prohibited objects into a federal correctional facility. (*Id.* at PageID 1–6.) Prohibited objects

included in the indictment were marijuana, tobacco, cell phones, and sexually explicit

photographs. (*Id.*) Count Two charged him with possessing those same prohibited objects in

violation of 18 U.S.C. § 1791. (*Id.* at 6.) Musick went to trial and was found guilty on each

count by a jury. (R. 64.) The jury specifically determined that Musick was guilty of conspiracy

as to marijuana, tobacco, and sexually explicit photographs, and that he possessed items in each

of those three categories of contraband. (*Id.* at PageID 216–17.) The jury did not convict on the

basis of either possession of cell phones within a prison, or conspiracy to introduce cell phones

into a prison. (*See id.*)

The district court held a sentencing hearing on June 9, 2014. (R. 90.) The court ruled on

various objections to the Pre-Sentence Report from both Musick and the United States. (R. 108

at PageID 1775–1800.) The district court also heard testimony from Michael Allen Sepanek, the

warden of the federal correctional facility in which Musick was imprisoned at the time of his

offenses. (*Id.* at 1801–08.) The warden testified about the dangers that arise when contraband is

introduced into a correctional facility as well as about some of the specifics of Musick's

offenses. Regarding the amount of contraband at issue, the warden testified that it was "[t]he most I have seen in my career." (*Id.* at PageID 1804.)

Based on the evidence at trial and during the sentencing hearing, the district court found that Musick's total offense level was 18, and his Criminal History Category was IV. (*Id.* at 1808.) The district court found, however, that this criminal history category was inadequate. Two prior drug offenses were excluded by the Guidelines. (*Id.* at PageID 1823.) The district court found that a Criminal History Category of IV "substantially underrepresents the seriousness of [Musick's] criminal history and, more importantly, the likelihood that he will commit other crimes." (*Id.* at PageID 1822.) As a result, the district court varied upward using Criminal History Category V as a guide for that variance. (*See id.* at PageID 1808, 1823.)

The district court then considered the factors set out in 18 U.S.C. § 3553(a) and imposed a sentence of sixty months on each count to be served concurrently with each other and consecutively to Musick's undischarged term of imprisonment. (*Id.* at PageID 1822–25.) A term of supervised release of three years was also imposed. (*Id.* at PageID at 1826.)

Musick filed a timely appeal of his sentence.

## II

### A

"Our sentencing review is generally conducted under the deferential abuse-of-discretion standard." *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). "Under this standard, the district court's legal interpretations of the Guidelines are reviewed de novo, but its factual findings will not be set aside unless they are clearly erroneous." *Id.* (internal alterations and quotation marks omitted).

- 3 -

Musick argues that it was error for the district court to consider four "pseudo counts" under his conspiracy charge. According to Musick, because the jury only convicted him of conspiracy with respect to marijuana, tobacco, and sexually explicit images – but not cell phones – the district court should not have considered the pseudo count for cell phones at sentencing.

Musick's argument fails for two reasons. First, this Court has held that acquitted conduct may be considered during sentencing. *United States v. White*, 551 F.3d 381, 383–84 (6th Cir. 2008) (en banc). This is appropriate because the standard of proof at trial is significantly higher than the standard of proof during sentencing. Substantial proof was put on during the course of the trial that indicated that Musick conspired to introduce cell phones into the Federal Correctional Institution in Ashland, Kentucky. Accordingly, the district court was well within its discretion to take into consideration the pseudo count with respect to cell phones.

Second, Musick was not prejudiced by the inclusion of the cell phone pseudo count in his offense level computation. (*See* Presentence Report ¶¶ 32–56, R. 96 at PageID 645–47.) The introductory commentary to Chapter Three, Part D of the Guidelines provides "rules for determining a single offense level that encompasses all the counts of which the defendant is convicted." The process provided by the Guidelines is a straightforward four-step algorithm: (1) group offenses together in limited circumstances not applicable to this case and otherwise assign each offense its own "Group," *see id.* § 3D1.2; (2) determine the highest offense level in each group and count that offense as one "Unit," *id.* § 3D1.4; (3) calculate the number of Units for each additional offense, with one Unit for offenses that are four or fewer levels less serious and half of one Unit for offenses that are five to eight levels less serious, *id.*; and (4) determine the combined offense level using the table provided in U.S.S.G. § 3D1.4. The highest offense level in this case was 14 for the marijuana conspiracy charge (earning 1 Unit). The possession

offense under 18 U.S.C. § 1791 had an offense level of 10 (earning 1 Unit). The pseudo counts for conspiracy to introduce tobacco and cell phones each had an offense level of 10 (earning 1 Unit each), whereas the pseudo count for sexually explicit photos had an offense level of 8 (earning .5 Units). The total applicable Units for Guidelines calculations purposes was therefore 4.5. Any number of units from 3.5 to 5 results in an adjustment of 4 levels up from the level of the most serious Group. *Id.* Even if the total was one less than the 4.5 Units calculated, the adjustment for multiple offenses in this case would still have been an increase of 4 levels. Accordingly, even if the district court had erred by including the pseudo count for cell phones (pseudo count 1a), it did not affect the calculation of the Guideline range and was therefore harmless.

### B

Next, Musick argues that the district court improperly departed upward on the basis of his "under-represented" criminal history.

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "In reviewing for substantive reasonableness, we must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (quoting *Gall*, 552 U.S. at 51). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. "For sentences within the Guidelines range, we apply a rebuttable presumption of substantive reasonableness." *United States v. O'Georgia*, 569 F.3d 281, 288 (6th Cir. 2009). "No 'presumption of unreasonableness,' however, applies to sentences outside of the Guidelines range." *Id.* (quoting *Gall*, 552 U.S. at 47). "[I]n determining whether a given deviation is

reasonable, we must take into account the degree of variance from the sentencing range recommended under the Guidelines." *United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009).

Musick argues that our decision in *United States v. Eve*, 984 F.2d 701, 705 (6th Cir. 1993) is controlling here, and that *Eve* necessitates a reversal in this case. *Eve* is not applicable to this case for two reasons. First, *Eve* involved an upward departure from a sentence determined by Criminal History Category VI. The Guidelines instruct that such a departure is warranted only in the case of "egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history . . . ." U.S.S.G. § 4A1.3 cmt n.2. Because the district court varied upward from a Criminal History Category IV, less justification was needed for a departure than was the case in *Eve*. Second, in *Eve*, "the district court departed upward based upon the existence of the excluded convictions and not upon their similarities." *United States v. Nidiffer*, 47 F.3d 1171 (6th Cir. 1995) (unpublished). In the instant case, the district court varied upward in part because of the similarity of Musick's prior excluded convictions. Again, *Eve* is not controlling in this case.

Moreover, the district court also varied upward in part because of its substantial concern for Musick's likelihood of recidivism. The Guidelines indicate that a sentencing judge may depart upwards "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history *or the likelihood that the defendant will commit other crimes* . . . ." U.S.S.G. § 4A1.3(a)(1) (emphasis added). In sentencing Musick, the district court specifically relied on the warden's testimony that "this is the most extensive contraband case he has seen in twenty-two years." (R. 108 at

PageID 1824; *see id.* at PageID 1804.) Additionally, the district court noted that Musick's "lengthy incarceration within the federal system has not stopped him from committing crimes," and that "[t]he likelihood that he will continue to commit crimes is very, very high, especially [given] the fact that he's never held a job." (*Id.* at 1822–23.)

Because of the similarity of excluded prior convictions and the district court's well-justified concern in Musick's likelihood of recidivism, the district court was well within its discretion to vary upwards.

## C

Musick's final argument attacks the substantive reasonableness of his sentence on the basis that the district court improperly considered conduct in imposing its sentence that was adequately considered by the Guidelines. We find no error in the district court's decision.

As noted above, we review the substantive reasonableness of a sentence imposed under an abuse-of-discretion standard and consider the totality of the circumstances. *Gall*, 552 U.S. at 51; *Bolds*, 511 F.3d at 581. "That a circumstance was addressed in the Guidelines . . . does not prevent the district court from considering it under section 3553(a), so long as the court explains why the circumstance warrants additional weight with regard to that particular defendant's sentence." *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011).

The district court in this case adequately considered the § 3553(a) factors. In considering the § 3553(a) factors, the district court noted: "the nature and circumstances of this offense are significant" (R. 108 at PageID 1824); the instant offense resulted in serious "safety concerns within the Bureau of Prisons setting" (*id.*); there was a "potential for violence due to the defendant's conduct" (*id.* at PageID 1825); and there was a need to "afford[] adequate deterrence to others" (*id.*).

We find that the district court adequately explained its reasons for imposing a sentence of sixty months, and that sentence was within the district court's discretion.

**III**

For the foregoing reasons, we **AFFIRM** Musick's sentence.