**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James R. BELANGER,
Defendant–Appellant.**

No. 89–1549.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 17, 1989.

Decided Dec. 21, 1989.

---

Mark C. Jones, Asst. U.S. Atty., Office of the U.S. Atty., Flint, Mich., for plaintiff-appellee.

David W. Wright, Bloomfield Hills, Mich., for defendant-appellant.

Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and EDGAR, District Judge.*

KENNEDY, Circuit Judge.

Appellant James Belanger appeals the District Court's departure from the Sentencing Guidelines, Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., in sentencing him to 24 months imprisonment for making false statements in connection with the purchase of a firearm. The District Court departed from the Guidelines because appellant's extensive criminal history was not adequately taken into account by the Guidelines. We agree that departure was appropriate and therefore AFFIRM the judgment of the District Court.

---

* The Honorable R. Allan Edgar, United States District Court for the Eastern District of Tennes- see, sitting by designation.

Appellant pled guilty to making a false statement in connection with the acquisition of a firearm and receipt of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(a)(6) and 922(g). Appellant purchased a rifle ostensibly for recreational use and falsely stated that he had never been convicted of a crime punishable by more than one year imprisonment. At sentencing, appellant's base offense level was 9. He was given a 4 point reduction because he possessed the firearm for recreational purposes only. His criminal history point level was 29, placing appellant in Category VI. The District Court departed from the sentencing range given by the Guidelines, finding that the range was inappropriate because the Guidelines did not adequately consider appellant's criminal history. The court departed upward and sentenced appellant to 24 months.

■■■■ This Court has recently adopted a three-prong analysis for determining the propriety of upward departures in Sentencing Guideline cases such as this. The first prong requires us to determine whether the circumstances relied upon by the District Court in departing upward are "of a kind or degree that may appropriately be relied upon to justify departure." *United States v. Joan*, 883 F.2d 491, 494 (6th Cir.1989) (quoting *United States v. Diaz–Villafane*, 874 F.2d 43 (1st Cir.1989)). This review involves a question of law, giving us plenary power in considering its propriety. *Id.* at 494. In the second step, we must determine whether those circumstances actually exist in the particular case. This review involves a question of fact which can be overturned only if clearly erroneous. *Id.* The third prong requires us to measure the degree and direction of departure from the Guidelines under a standard of reasonableness. Reasonableness is determined by comparing the reasons for imposing a given sentence in general with the reasons for imposing a sentence in the particular case, as stated by the District Court. The Dis-

trict Court's decision in this last step is to be given deference. *Id.*

*United States v. Joan* involved a Guideline departure where the defendant had a base offense level of 18 and a criminal history placing him in category VI. This set his sentence range at 57–71 months. The sentencing court departed and imposed a 120 month sentence, finding that category VI did not adequately represent his criminal history. The defendant had a long history of violent crime for which he received lenient treatment and had violated the terms of his probation. This Court upheld the district court's departure, finding that the defendant's criminal history was sufficiently unusual to warrant it.

In the present appeal, the first prong of *Joan* is clearly met. Appellant's criminal history level was 29, more than double that necessary to place him in category VI, which is the highest category. The District Court reasoned that because appellant's criminal history score greatly exceeded the points necessary for inclusion in category VI, appellant's history was not adequately considered by the Guidelines. *Joan*'s first prong is met because the extent of appellant's criminal history is a circumstance that may be appropriately relied upon to justify departure. The Sentencing Commission noted that

> there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted.

*Manual*, § 4A1.3, at 4.9. Adequacy of Criminal History Category (Policy Statement). Thus, it was appropriate for the District Court to rely upon appellant's extremely high criminal history score in departing from the Guidelines.[1]

1. Appellant argues in response that the Guidelines already contemplate his high score by placing in category VI all persons with a criminal history score of "13 or more." He interprets "or more" to mean that, regardless of a defen-

dant's score, the range set by that category for someone of his base offense level sets the maximum allowable sentence. However, appellant's analysis is flawed in that it is directly contradicted by the Commissioner's statement that de-

*Joan*'s second prong—that the circumstances justifying departure actually exist in the given case—is also met. The District Court listed a litany of convictions, pending charges, and current detainers against appellant. The court found that he was "simply out of control." These conclusions appear supported by the record and are not clearly erroneous.

■ The last consideration we must give, having found that departure was appropriate, is whether the 24–month sentence was "reasonable." In this regard, "the trial judge's determination must be given great deference, and, unless there is little or no basis for the trial court's action in departing, it must be upheld" if the trial court has articulated a reason for its departure. The court should consider the defendant's past criminal conduct, the likelihood of recidivism, prior conduct not resulting in conviction, whether the sentence will deter future misconduct, and the necessity of isolating the defendant from society. *Id.* Given these considerations, and the conduct cited by the District Court in departing from the Guidelines, we find that the sentence of 24 months was not unreasonable.

Accordingly, the judgment of the District Court is AFFIRMED.

parture and sentencing above the range is allowable if the sentencing court finds the defen-

dant's criminal history extreme enough to justify departure.