914 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby H. MARSTON, Sr., Defendant-Appellant.
 Nos. 89-6316, 89-6359.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and SILER, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal follows a conviction for theft of property for interstate shipment in violation of 18 U.S.C. Sec. 659. Defendant-Appellant Bobby Marston contends that the trial court erred in refusing to nullify his plea of guilty and dismiss the charges against him after more than 60 days elapsed between plea and sentence. Mr. Marston also challenges an upward departure from the sentencing guidelines. We find no error here, and we shall affirm the conviction and the sentence.
 
 
 2
 * * *
 
 
 3
 * * *
 
 
 4
 On October 25, 1988, a federal grand jury returned a seven-count indictment against Mr. Marston and six others for theft of tractor-trailer loads of tires. On the same date a six-count indictment was returned against Mr. Marston and seven others for theft of a tractor-trailer load of pants.
 
 
 5
 On March 31, 1989, changing an earlier plea of not guilty, Mr. Marston entered a plea of guilty on two counts of the first indictment and one count of the second. An order on the change of plea was entered on April 25, 1989, and sentencing was set for June 16 of that year. The sentencing date was subsequently changed to August 11.
 
 
 6
 On July 28, 1989, Mr. Marston moved for dismissal of the indictments and nullification of the guilty plea because the trial court had failed to sentence him within 60 days of his plea. The motion was based on the district court's local Administrative Order 88-1, which provides in part as follows:
 
 
 7
 "1. Sentencing proceedings shall be scheduled by the district judge as soon as practicable, but no earlier than fifty (50) days or later than sixty (60) days, following entry of a guilty plea....
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 8. The times set forth in this rule may be modified for good cause shown...."
 
 
 11
 Following a hearing, the court denied the motion. Given the number of defendants, the court's desire to consider the defendants as a group, and its heavy docket, the court stated that it had good cause for delaying the sentencing. Mr. Marston was then sentenced to imprisonment for 63 months. The sentence represented an upward departure from the range (33-41 months) calculated under the sentencing guidelines.
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 As noted, Sec. 8 of Administrative Order 88-1 provides for "good cause" exceptions to the 60-day limit. In this case the district court cited its crowded docket, the complexity of the case, and the large number of defendants as justifying a delay in sentencing. We have no basis for concluding that the court abused its discretion in determining that these considerations warranted a short delay.
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 In its presentence report on Mr. Marston the probation department set the number of criminal history points at 18. This is five points more than necessary to assign a defendant to Category VI, the highest criminal history category. The probation officer who prepared the report recommended an upward departure from the guideline range because crimes Mr. Marston had committed in the past and for which he had been sentenced to substantially more than one year could not be fully reflected in the criminal history category as calculated under the guidelines. The government agreed with this recommendation, and so did the district court.
 
 
 18
 In justifying the upward departure, the district court cited (1) the defendant's record of serious past criminal conduct; (2) the likelihood of recidivism; (3) the need to isolate the defendant from the community; (4) the failure of the guidelines adequately to consider the defendant's extensive criminal history; and (5) the defendant's enticement of his sons into criminal activity.
 
 
 19
 Section 4A1.3 of the sentencing guidelines reads in part as follows:
 
 
 20
 "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
 
 
 21
 * * *
 
 
 22
 * * *
 
 
 23
 (b) prior sentence(s) of substantially more than one year
 
 
 24
 imposed as a result of independent crimes
 
 
 25
 committed on different occasions...."
 
 
 26
 * * *
 
 The guideline goes on to say that
 
 27
 "there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted."
 
 
 28
 It was well within the province of the district court to decide that Mr. Marston's past criminal record--which was a truly egregious one--made it inappropriate for him to receive the sort of sentence that would have been suitable for someone reaching Category VI with fewer points to spare. We must accord great deference to a trial court's decision to depart from the guideline range, as long as the court has adequately articulated its reasons for doing so. United States v. Belanger, 892 F.2d 473 (6th Cir.1989). The court has done that here, in our view.
 
 
 29
 The judgment and the sentence are AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation