927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sam R. COUCH, Defendant-Appellant.
 No. 90-3491.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1991.
 
 On Appeal from the United States District Court for the Southern District of Ohio, No. 89-00173; Spiegel, J.
 S.D.Ohio
 AFFIRMED.
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Sam Couch, Jr., appeals only from the sentence portion of a judgment rendered against him upon his conviction of the offenses of credit card fraud and fraudulently using a false social security number. For the reasons that follow, we affirm.
 
 I.
 
 2
 Defendant pled guilty to a two-count information which charged him with obtaining more than $15,000 worth of goods and services by the use of a fraudulently obtained credit card, a violation of 18 U.S.C. Sec. 1029(a)(2), and by fraudulently using a false social security number in violation of 42 U.S.C. Sec. 408(g)(2). Prior to the sentencing proceeding in this case, a presentence investigation was completed and computations were made to determine the appropriate sentencing range under the United States Sentencing Guidelines ("U.S.S.G."). While the defendant's offense level could be easily calculated at level 9, his criminal history points totaled nineteen, a figure significantly higher than the thirteen points necessary to place him in the highest possible criminal history category, category VI. Had defendant received the sentence determined by the intersection of offense level 9 with criminal history category VI, he would have received a sentence within the guideline range of twenty-one to twenty-seven months. Instead, the district court determined that a departure from the guidelines was appropriate and imposed a sentence of sixty months.
 
 
 3
 In considering the departure in this case, the district court stated:
 
 
 4
 This departure is based on the defendant's very lengthy prior arrest record which consists primarily of fraud-related behavior. His past criminal behavior is very similar in nature to the behavior in the instant offense. He obtains a total of 19 criminal history points, when only 13 points were needed to place him in the highest criminal category of Roman numeral VI. He also did not receive criminal history points for some offenses that were consolidated for the purpose of sentencing. Considering the defendant's lengthy criminal history, an upward departure to 60 months is justified.
 
 
 5
 The court then went on to justify the degree of its departure as follows:
 
 
 6
 [A]n upward departure of 60 months is warranted in this case because of a lengthy prior arrest record, consisting primarily of fraud-related behavior, his preoccupation with alcohol and illegal drugs, his failure to benefit from probation which had been granted in previous cases, and the defendant's total disregard for the law.
 
 
 7
 Defendant filed a timely notice of appeal, and he now raises two issues. The first has to do with whether or not the circumstances cited by the district court as justifying a departure are sufficient. The second issue is whether the court's upward departure from a range of twenty-one to twenty-seven months to a sentence of sixty months is excessive and therefore unreasonable.
 
 II.
 A.
 
 8
 The first issue in this case turns on the question of whether or not the district court correctly interpreted and applied the law, a question to which the de novo standard of review is applicable. See United States v. Belanger, 892 F.2d 473, 475 (6th Cir.1989). Defendant Couch argues that the district court erred in finding that his accumulation of nineteen criminal history points was such an aggravating circumstance in the case that departure was warranted. 18 U.S.C. Sec. 3553(b) provides:
 
 
 9
 Application of guidelines in imposing a sentence.--The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.
 
 
 10
 Thus, a court must sentence within the guidelines unless aggravating or mitigating factors are present in the case. U.S.S.G. Sec. 4A1.3, p.s., provides two possible aggravating factors, each related to the defendant's criminal history:
 
 
 11
 Adequacy of Criminal History Category (Policy Statement)
 
 
 12
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range....
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.
 
 
 17
 In justifying his decision to depart in this case, the district court relied heavily on the fact that the defendant had accumulated a total of nineteen criminal history points, a sum significantly higher than the thirteen points needed to qualify for the highest possible criminal history category, category VI. The court observed that defendant's total might have been higher had certain of his previous offenses not been consolidated for the purposes of sentencing. It also noted the defendant's failure to benefit from earlier probations and emphasized the similarity of his "fraud-related" prior convictions.
 
 
 18
 This court has previously decided at least two cases in which the defendants' criminal history points total carried them into regions left uncharted by the guidelines. In United States v. Christoph, 904 F.2d 1036, 1042 (6th Cir.1990), cert. denied, --- U.S. ----, (1991) (available on Lexis), we held that a criminal history score of seventeen points "support[ed] the district court's determination that departure was warranted." In United States v. Belanger, 892 F.2d 473, 475 (6th Cir.1989), we approved a departure where the defendant had amassed twenty-nine criminal history points and in so doing noted to the following language in U.S.S.G. Sec. 4A1.3, p.s.:
 
 
 19
 The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted.
 
 
 20
 Other circuits as well allow departures in these circumstances. In United States v. Brown, 899 F.2d 94, 97 (1st Cir.1990), the court found that defendant's criminal history score of twenty points warranted an upward departure. See also United States v. Jordan, 890 F.2d 968, 976-77 (7th Cir.1989) (where category VI does not adequately reflect seriousness of past criminal conduct, departure is permissible). Thus, a district court may make an upward departure in cases where the defendant's criminal history points propel him some distance beyond the reasonable limits for category VI. We view the present case to be one which warranted the district court's decision to depart upward.
 
 B.
 
 21
 There remains for consideration the question of the reasonableness of the degree of the departure in this case. Defendant Couch argues that the district court's upward departure to a sixty-month sentence from the guideline range of twenty-one to twenty-seven months is excessive, and he emphasizes that it is more than twice the upper limit of the guideline range.
 
 
 22
 Since it is the application of the guidelines to the facts which produces the degree of departure in any case, questions of degree are reviewed under a standard of reasonableness. United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989); Belanger, 892 F.2d at 475. When review of the range or degree of a court's departure is at issue, the reviewing court is obliged to "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e).
 
 
 23
 Where a defendant "overshoots" the guidelines by a margin like that in this case, it is certainly reasonable for the court to take that margin into consideration on the question of the appropriate degree of departure. Furthermore, in cases where a defendant's criminal history score greatly exceeds the thirteen points that would place him in the highest category (category VI), this court has approved upward departures similar to that made in this case. Belanger, 892 F.2d at 475 (departure from the guideline range of nine to fifteen months to an actual sentence of twenty-four months where the defendant had accumulated twenty-nine criminal history points); Christoph, 904 F.2d at 1042 (departure from the thirty-three to forty-one month guideline range to an actual sentence of sixty months for a defendant who had collected a total of seventeen criminal history points); Joan, 883 F.2d at 492 (departure from a guideline range of fifty-seven to seventy-one months to an actual sentence of one hundred twenty months in circumstances where defendant fell into category VI and the sentencing court felt that his prior convictions and recidivism warranted a significant departure); United States v. Barnes, 910 F.2d 1342, 1345 (6th Cir.1990) (departure from the guideline range of twelve to eighteen months to an actual sentence of twenty-seven months); see also Brown, 899 F.2d at 96-97 (three to nine-month guidelines range, actual sentence twenty-one months.)
 
 
 24
 In addition to Couch's nineteen criminal history points, however, the district court noted the similarity of his prior convictions to the instant offense. Indeed, the defendant's past is a long history of bogus checks, frauds and swindles, some of which went uncounted in his criminal history computations. Because a defendant's relapse into the same or similar criminal behavior after a punishment demonstrates his lack of recognition of the gravity of his original wrong and suggests an increased likelihood that the offense will be repeated yet again, it is reasonable to apply greater sanctions to deter him from repeating his crime. United States v. Williams, 901 F.2d 1394, 1398 (7th Cir.1990) (petition for cert. filed); cf. United States v. Chavez-Botello, 905 F.2d 279, 281 (9th Cir.1990); United States v. De Luna-Trujillo, 868 F.2d 122, 125 (5th Cir.1989).
 
 III.
 
 25
 Accordingly, because we hold that the upward departure in this case was warranted and that its degree was reasonable, we AFFIRM the judgment of the district court.