47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William E. NIDIFFER, Defendant-Appellant.
 No. 94-5025.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: CELEBREZZE, KEITH, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William E. Nidiffer ("Nidiffer") appeals his sentence following a guilty plea to bank robbery. For the reasons stated below, we AFFIRM.
 
 I. Statement of the Facts
 
 2
 The grand jury for the Eastern District of Tennessee indicted Defendant-Appellant William E. Nidiffer ("Nidiffer") for the November 19, 1992 robbery of the Carter County Bank in Elizabethon, Tennessee. The grand jury returned a superseding indictment against Nidiffer adding a second robbery count for the April 22, 1993 robbery of the Hamilton Bank in Johnson City, Tennessee. On October 18, 1993, Nidiffer plead guilty to Count I of the superseding indictment[1] and in return the government dismissed Count 2 of the superseding indictment.
 
 
 3
 On November 5, 1993 a presentence investigation report ("PSI") was prepared and given to the parties. The PSI detailed Nidiffer's extensive criminal history which led to the Government's request for upward departure. Because the district court based its upward departure on Nidiffer's extensive criminal history, close examination of his criminal history is required.
 
 
 4
 In May 1961, the state of Tennessee committed Nidiffer to the Tennessee Preparatory School for boys at the age of 15 for truancy and juvenile delinquency. Two years later, Nidiffer was convicted under the Federal Juvenile Delinquency Act and sentenced to imprisonment for the remainder of his minority. Nidiffer was paroled in August 1964 with supervision until February 1967. In October 1966, however, Carter County, Tennessee issued a federal violation warrant based on new charges. Nidiffer's minority commitment expired prior to his release from state custody.
 
 
 5
 Nidiffer's adult criminal convictions began in August 1966, when the Criminal Court of Carter County, Tennessee sentenced him to eleven months and twenty-nine days for larceny. Nidiffer escaped from custody in May 1967 and was given an additional ninety-day suspended sentence after being captured. He was released from custody on September 1, 1967.
 
 
 6
 Nidiffer was arrested later in September 1967 for interstate transportation of a stolen motor vehicle. The United States District Court in Greenville, South Carolina sentenced him to forty months imprisonment. In August 1970, Nidiffer was released from custody with a parole expiration date of January 1971. Within one month of the start of his federal parole, Nidiffer was arrested in September 1970 for auto larceny in Florida. While awaiting trial, Nidiffer escaped from jail on November 20, 1970. He was sentenced in May 1972 to five years imprisonment for the auto larceny and received an additional two years probation following his term of imprisonment for the escape charge. Nidiffer was also arrested in February 1971 for drug violations and was sentenced in May 1971 to concurrent sentences of five and two years for possession of marijuana, LSD, amphetamines and barbiturates.
 
 
 7
 In August 1976, Nidiffer was arrested for armed bank robbery in Elizabethon, Tennessee. In April 1977, the court sentenced him to twelve years imprisonment. Subsequently, Nidiffer was released on parole in December 1987 with his parole to continue through August 1988. Nidiffer's parole, however, was revoked in April 1988 due to new state charges for passing a forged instrument in Anderson County, Tennessee and his failure to report to his supervising parole officer. After completing his federal sentence, Nidiffer was arrested in February 1990 for theft and obtaining prescriptions by false pretenses. He was convicted in the Carter County Criminal Court in May 1990 and sentenced to three years for the theft charge and one year for the prescription drug charge. He was also sentenced at the same time for the 1988 Anderson County forged instrument charge to four years imprisonment to run concurrently with the false prescription charge but consecutive to the theft charge.
 
 
 8
 After being paroled on the Tennessee charges, Nidiffer was arrested in January 1991 for auto theft, aggravated assault with a deadly weapon, and resisting an officer. After pleading guilty to the charges of auto theft and resisting an officer in Monroe County, Florida, Nidiffer was sentenced to five years probation. Nidiffer's probation records indicate Nidiffer failed to report to his probation officer after the court proceedings and was considered an absconder. A warrant for his arrest was issued and the defendant was arrested on September 3, 1991. Upon his extradition, the violation warrant was dismissed, allowing Nidiffer's Florida probation to continue.
 
 
 9
 The PSI calculated Nidiffer's criminal history category as VI based on a total of 13 criminal history points. His offense level was 19 (22 minus 3 points for acceptance of responsibility).
 
 
 10
 On December 6, 1993, the court held a sentencing hearing at which the district court took under advisement the government's request for upward departure. On December 17, 1993, the district court entered an order finding that an upward departure was appropriate and that the appropriate guideline range was 84 to 105 months imprisonment. On December 28, 1993, Nidiffer filed a motion to reconsider and set aside the court's December 17 order.
 
 
 11
 On January 3, 1994, the district court entered an order denying Nidiffer's motion and entered final judgment, sentencing Nidiffer to 104 months imprisonment, three years supervised release, a $50 assessment and $5,045 restitution. This timely appeal followed.
 
 II. Discussion
 
 12
 On appeal, Nidiffer argues the district court erred by departing upward because:
 
 
 13
 (1) its factual findings for the departure were clearly erroneous;
 
 
 14
 (2) the court failed to articulate a reasoned basis for the extent of departure; and
 
 
 15
 (3) such basis was not articulated in open court.
 
 
 16
 For the following reasons, we reject Nidiffer's arguments and AFFIRM his sentence.
 
 A. Sentencing
 
 17
 In the instant case, the district court stated:
 
 
 18
 Although it is undisputed that the defendant has a criminal history category of VI, the defendant also has an extensive history of outdated convictions which the Court will consider.
 
 OUTDATED CONVICTIONS
 
 19
 The defendant's criminal history contains the following outdated convictions:
 
 
 20
 1. 5-21-61 Truancy and juvenile delinquency;
 
 
 21
 2. 10-2-63 Federal Juvenile Delinquency Act;
 
 
 22
 3. 8-66 Felonious use of automobile, breaking and entering, and larceny;
 
 
 23
 4. 9-30-67 Interstate transportation of a stolen motor vehicle;
 
 
 24
 5. 9-16-70 Auto larceny;
 
 
 25
 6. 2-13-71 Possession of marijuana, amphetamines, barbiturates, and narcotic drugs, and possession and sale of LSD.
 
 
 26
 The Court finds that three of these outdated convictions are evidence of similar criminal conduct, i.e. offenses involving theft and/or dishonesty, and that the last conviction also indicates other serious conduct. As far as the defendant's applicable criminal history category is concerned, these convictions are further indication that the defendant's criminal history category (1) underrepresents the seriousness of the criminal history, and (2) underrepresents the likelihood of recidivism. U.S. v. Feinman, 930 F.2d 495, 502 (6th Cir.1991).
 
 
 27
 Therefore, pursuant to USSG Sec. 4A1.2, comment, n. 8, the Court finds that the Sentencing Guidelines explicitly authorize the Court to base an upward departure incrementally to a level based upon these outdated convictions. Williams v. United States, [ ] 112 S.Ct. 1112 (1992). Based upon this defendant's lengthy history of crime which encompasses his entire adult life except for periods when he was incarcerated, and based upon the nine additional criminal history points that the defendant would have received had these convictions not been outdated, the Court finds that a three level incremental upward departure is reasonable under the facts of this case. Accordingly, the Court finds that the defendant's appropriate guideline range is from 84 to 105 months.
 
 
 28
 We agree.
 
 
 29
 A district court should impose a sentence within the guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. Sec. 3553(b). The Sentencing Commission has recognized that a defendant's criminal history category is not always an accurate reflection of his true criminal background or his propensity to commit more crimes. Consequently, the Commission included Sec. 4A1.3 which provides that "if reliable information indicates that the criminal history category does not reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guidelines."
 
 1. Standard of Review
 
 30
 We review the propriety of upward departures pursuant to a three-prong test. First, we determine de novo whether the district court correctly concluded that the case is sufficiently unusual to warrant departure. Next, we determine whether the unusual circumstances actually exist. The district court's finding of facts are reviewed for clear error. Finally, we review the actual departure for reasonableness. United States v. Joan, 883 F.2d 491 (6th Cir.1989).
 
 2. Legal Basis for Upward Departure
 
 31
 The first prong of the Joan test is a question of law regarding whether the circumstances in the instant case are sufficiently unusual to warrant a departure. Id. Nidiffer argues that because the Sentencing Commission established only six criminal history categories, there is a presumption against departures above Category VI. There is no support for such a presumption. The appropriate inquiry is whether the circumstances are sufficiently "unusual" and not adequately taken into account by the Sentencing Guidelines. See id.
 
 
 32
 Section 4A1.3 provides that departure may be based "on reliable information that indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes," see United States v. Belanger, 892 F.2d 473 (6th Cir.1989), and on "information concerning ... prior sentence(s) not used in computing the criminal history category." U.S.S.G. Sec. 4A1.3; see United States v. Schultz, 14 F.3d 1093, 1101 (6th Cir.1994). Moreover, application note 8 under Sec. 4A1.2 also allows departure based on out-of-time convictions. Application Note 8 provides in pertinent part:
 
 
 33
 Applicable Time Period. Section[s] 4A1.2(d)(2) and (e) establish[ ] the time period within which prior sentences are counted.... If the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under Sec. 4A1.3 (Adequacy of Criminal History Category).
 
 
 34
 U.S.S.G. Sec. 4A1.2, comment, app. nte. 8. Thus, the district court's determination that Nidiffer's criminal history category underrepresented the seriousness of his criminal background and also underrepresented the likelihood of additional offenses is a legally sufficient basis for upward departure. Moreover, the district court was entitled to use Nidiffer's out-of-time convictions to depart upward.
 
 
 35
 3. Unusual Circumstances Warranting Departure
 
 
 36
 The second part of our inquiry is whether the unusual circumstances existed in the instant case. Nidiffer argues that the district court's factual findings are clearly erroneous and insufficient to warrant an upward departure. We disagree.
 
 
 37
 First, Nidiffer argues that because he had only 13 criminal history points, the absolute minimum necessary to qualify for criminal history category VI, the district court clearly erred by departing upward. To support his argument, Nidiffer cites United States v. Belanger, 892 F.2d at 475, stating this court has upheld departures above category VI only where the score greatly exceeded the number of points necessary for inclusion in Category VI. Nidiffer fails to note that had the excluded convictions been counted his criminal history points would have totaled 22, a number greatly exceeding the required 13 points, and a number that is well within the range of points where this court has upheld upward departures. See, e.g., United States v. Christoph, 904 F.2d 1036 (6th Cir.1990), cert. denied 498 U.S. 1041 (1991) (17 points); United States v. Bennett, 975 F.2d 305 (6th Cir.1992) (21 points); United States v. Carr, 5 F.3d 986 (6th Cir.1993) (20 points). Additionally, he cites United States v. Eve where this court held that an upward departure was not warranted in that case because the sentencing guidelines adequately addressed the concerns that the district court had with Eve's criminal history. 984 F.2d 701, 704 (6th Cir.1993). The court in Eve did not detail the defendant's criminal history, therefore no meaningful comparison can be made. Further, in the instant case, unlike in Eve, the court found that the excluded convictions were evidence of similar and serious criminal conduct. Thus, in Eve the district court departed upward based upon the existence of the excluded convictions and not upon their similarities. Consequently, the reasoning in Eve is distinguishable.
 
 
 38
 As noted above, the district court observed that Nidiffer had adult convictions that would have resulted in at least nine additional criminal history points had they not been excluded by Sec. 4A1.2(e). The PSI indicated that had the convictions been counted Nidiffer would have been assessed 2 points for the 1966 larceny conviction, 3 points for the 1967 interstate transportation of stolen motor vehicle conviction, 3 points for the 1971 drug convictions, 3 points for the 1972 auto larceny conviction and 1 point for the 1972 escape conviction. The inclusion of these convictions would have added 12 points to Nidiffer's criminal history points. Additionally, three of the outdated criminal convictions were evidence of similar criminal conduct and one evidence of other serious conduct.[2] Moreover, the district court noted recidivism was also a factor warranting upward departure. As Nidiffer notes, we have held that courts should depart upward based on recidivism only in "rare events." Bennett, 975 F.2d at 309 (affirming district court's upward departure). We have also stated that those who had greater recidivist tendencies than normal were proper candidates for upward departures. Id. at 310. Nidiffer's repeated arrests and convictions subsequent to his release from incarceration certainly qualify him as having recidivist tendencies greater than normal. The district court did not clearly err by finding unusual circumstances in this case warranted upward departure.
 
 
 39
 4. The Upward Departure was Reasonable.
 
 
 40
 The final inquiry is whether the degree and nature of the departure was reasonable. In determining the extent of a departure above Criminal History Category VI, Sec. 4A1.3 provides:
 
 
 41
 Where the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.
 
 
 42
 See also United States v. Carr, 5 F.3d at 994 (instructing the court to follow the new incremental methodology set forth in Sec. 4A1.3). Here, determining Nidiffer's criminal history category underrepresented his criminal background and his likelihood of recidivism, the court looked to the similar and serious dissimilar excluded offenses as a measure for departure. Finding those convictions would have added 9 points to Nidiffer's criminal history, the court found that a three level incremental departure was reasonable under the facts of the case.[3] In the instant case, a three level upward departure was reasonable.
 
 
 43
 Nidiffer argues the district court failed to provide a reasoned basis for the extent of the departure. As recounted above, however, the court stated it relied upon the nature and number of the uncounted convictions to warrant the three level increase. Alternatively, Nidiffer contends the court erred by failing to consider the intermediate ranges. As we stated in United States v. Thomas, "[n]either the Guidelines nor the law of this circuit require the district court to provide a mechanistic recitation of its rejection of intervening, lower guidelines ranges." 24 F.3d 829, 834 (6th Cir.1994). The district court's reasons for departure also support the extent of the departure. The plain language of the district court's order makes clear why the particular sentence was imposed and why lesser departures would have been inadequate. See Thomas, 24 F.3d at 835. Consequently, both arguments must fail.
 
 
 44
 B. 18 U.S.C. Sec. 3553(c).
 
 
 45
 Finally, Nidiffer asserts the district court failed to state in "open court" the reasons for the imposition of the particular sentence as required by 18 U.S.C. Sec. 3553(c). In interpreting the requirements of Sec. 3553(c), this court only requires the district court provide "a short, clear written statement or a reasoned statement from the bench" that identifies the aggregating factors and the reasons for connecting them to the permissible grounds for departure. United States v. Kennedy, 893 F.2d 825, 827 (6th Cir.1990); United States v. Rodriguez, 882 F.2d 1059, 1066 (6th Cir.1989). Here, the district court stated its reasons for departure in a written order and referred to that order from the bench at the January 6, 1994 hearing. The district court clearly met the requirements of Sec. 3553(c) in its order stating the reasons for departure.
 
 III. Conclusion
 
 46
 For the reasons stated above, we AFFIRM the sentence rendered by the Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee.
 
 
 
 [1]
 As part of the plea agreement Nidiffer acknowledged that he entered the Carter County Bank on November 19, 1992 and handed a teller a note stating "This is a robbery. I have a gun. Give me the money now. $100 bills first." The teller gave Nidiffer $5,045 in bank funds
 
 
 [2]
 Nidiffer argues the district court erred in its calculations by counting arrests rather than convictions and by assessing three points for the 1966 misdemeanor conviction. First, while the court may have listed offenses for which there were no convictions, the court properly relied on the offenses for which convictions were obtained and sentences imposed in determining the additional criminal history points. Second, the court did not assess points for all of Nidiffer's excluded adult convictions. The court assessed 3 points each for the 1967 theft conviction and the 1970 larceny conviction, and 3 points for the 1971 drug possession conviction
 
 
 [3]
 Prior to the upward departure, Nidiffer's base offense level was 19 with a guideline range of 63-78 months. After the departure, his base offense level was 22 with a guideline range of 84-105 months