**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Charles WILLIAMS,
Defendant–Appellant.**

No. 00–5351.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2001.

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

*ORDER*

James Charles Williams appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Williams pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Williams to fifty-seven months of imprisonment and three years of supervised release.

On appeal, Williams's counsel moves to withdraw and files a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although believing the appeal to be without merit, counsel submits the following issue for review: whether the district court was unreasonable in departing upward pursuant to USSG § 4A1.3. Williams has not responded to his counsel's motion to withdraw, despite being informed of his opportunity to do so.

■ Upon review, we conclude that the district court did not abuse its discretion. Defendant claims that the district court abused its discretion in increasing his criminal history score under USSG

§ 4A1.3. This court reviews a sentencing court's upward adjustment of a defendant's criminal history for abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 82, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Koeberlein*, 161 F.3d 946, 952 (6th Cir.1998), *cert. denied*, 526 U.S. 1030, 119 S.Ct. 1278, 143 L.Ed.2d 371 (1999). If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

■ The district court did not abuse its discretion by departing upward from the guideline sentencing range. The Sentencing Guidelines require that a sentence be imposed within ' the applicable guideline range unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). There may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. *See* USSG. § 4A1.3, p.s. Thus, when even Criminal History Category VI does not adequately reflect a defendant's criminal record, departure above that level is permitted. *See United States v. Joan*, 883 F.2d 491, 494–96 (6th Cir.1989).

■ Upon review, we conclude that the district court did not abuse its discretion because the court based its decision to depart primarily upon the defendant's extensive criminal history, specifically the inordinately high criminal history score of

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

thirty-one. That score is more than double the thirteen-point threshold for Category VI, the highest criminal history category available under the guidelines. A score greatly exceeding the thirteen-point threshold is sufficiently unusual to warrant an upward departure. *See, e.g., United States v. Thomas,* 24 F.3d 829, 832–33 (6th Cir.) (criminal history score of 43 clearly sufficient to warrant departure); *United States v. Osborne,* 948 F.2d 210, 214 (6th Cir.1991) (24 criminal history points constituted grounds for upward departure); *United States v. Belanger,* 892 F.2d 473, 475 (6th Cir.1989) (29 points constituted a valid basis for an upward departure). Thus, the district court did not abuse its discretion.

We have further examined the record in this case, including the transcripts of Williams's guilty plea hearing and sentencing hearing, and conclude that no reversible error is apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.