UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Frenzy LANGHORN, also known as Yaqin Abdallah Amada Umoja, Michael Williams, Labarry Knowles, Lee Spencer, Calvin Williams, Defendant–Appellant.

No. 01–5250.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2002.

Before BOYCE F. MARTIN, JR., Chief Judge; GILMAN, Circuit Judge; and EDMUNDS, District Judge.*

Michael Frenzy Langhorn appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

Langhorn pleaded guilty to an information charging him with one count of conspiracy to alter or remove motor vehicle identification numbers, a violation of 18 U.S.C. § 371. He was sentenced to 57 months of imprisonment to be followed by three years of supervised release. Langhorn was also ordered to pay over $34,000 in restitution to the victims of his scheme.

In this timely appeal, Langhorn's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Langhorn was notified of counsel's motion to withdraw. He has filed no response.

Counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether the district court erred in failing to make specific findings regarding the amount of loss caused by Langhorn's scheme, (2) whether the district court erred in departing from the recommended guideline range because of Langhorn's extensive criminal history, and (3) whether the district court erred by refusing to grant a downward departure based on Langhorn's community service. Counsel submits these issues, but concedes that none has merit.

■ We note that the record reflects that the district court properly accepted Langhorn's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant was informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755, 90 S.Ct. 1463. The district court explained to Langhorn the rights he was waiving, the statutory maximum sentence involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Langhorn acknowledged his guilt of the crime charged.

■ Upon review, we conclude that only harmless error could have sprung from a mistake in the calculation of the amount of loss Langhorn caused. *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (holding that a misapplication of the guidelines should result in a remand unless the appeals court concludes under the harmless-error doctrine that district court would have imposed the same sentence if it had applied the guidelines properly); *United States v. Diaz–Villafane*, 874 F.2d 43, 48 n. 4 (1st Cir.1989) (noting that when a court departs from the guidelines, "[i]t is ... arguable that any computational error in assigning a total offense level [is] harmless").

Langhorn's total offense level was 13. His criminal history score amounted to 54 points, rendering a guideline sentencing range of 33–to–41 months of imprisonment. Nevertheless, because Langhorn's criminal history score was four times the amount required to place him in the highest criminal history category, the district court employed USSG § 4A1.3 to depart from the § 2B6.1 offense level and moved incrementally to an offense level of 16. *United States v. Little*, 61 F.3d 450, 454 (6th Cir.1995) (concerning the requirement of incremental progression along the offense-level axis of the sentencing table for this type of departure). This rendered—at the high end of the range—the 57-month sentence the court imposed. As conceded by defense counsel, any error regarding the amount of loss caused by Langhorn's scheme was harmless, because an error in calculating the loss caused could only result in a one-point difference

in the total offense level calculated under § 2B6.1.

Our review of the district court's decision to depart from the sentencing ranges provided in the guidelines is for abuse of discretion. *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The district court did not abuse its discretion in this case. The Sentencing Guidelines require that a sentence be imposed within the applicable guideline range unless "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b). When Criminal History Category VI, the highest level, does not adequately reflect a defendant's criminal record, departure above that level is permitted. *See United States v. Joan,* 883 F.2d 491, 494–96 (6th Cir.1989).

The district court did not abuse its discretion because the court based its decision to depart primarily upon the defendant's extensive criminal history, specifically the inordinately high criminal history score of 54. That score is more than four times the 13–point threshold for Category VI. A score greatly exceeding the 13–point threshold is sufficiently unusual to warrant an upward departure. *See, e.g., United States v. Thomas,* 24 F.3d 829, 832–33 (6th Cir.1994) (criminal history score of 43 clearly sufficient to warrant departure); *United States v. Osborne,* 948 F.2d 210, 214 (6th Cir.1991) (24 criminal history points constituted grounds for upward departure); *United States v. Belanger,* 892 F.2d 473, 475 (6th Cir.1989) (29 points constituted a valid basis for an upward departure).

A decision not to effect a downward departure is generally not cognizable on appeal. *See United States v. Pickett,* 941

F.2d 411, 417 (6th Cir.1991). Nothing in the record remotely suggests that the district court incorrectly believed that it could not consider Langhorn's mitigating circumstances and exercise discretion to depart under the guidelines. In fact, the record reveals that the district court assumed that it had the power to depart downward, but found a departure unwarranted. Thus, the district court's decision not to depart downward is not subject to review.

Finally, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.