787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH KEVIN GALLAGHER, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 85-3203
 United States Court of Appeals, Sixth Circuit.
 3/31/86
 
 REVIEW DENIED
 B.I.A.
 ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Joseph Kevin Gallagher appealed his deportation order issued by the Immigration and Naturalization Service.
 
 
 2
 Gallagher is a 35-year old British subject who most recently entered the United States in June, 1981, on a British passport, and remained pursuant to a visa authorizing his presence in the United States for a maximum of six months. Prior to 1981, he resided in Northern Ireland, the scene of confrontations between members of the British military and the Provisional Irish Republican Army (the 'PIRA').[1] Gallagher's underlying request for relief from deportation was founded upon the claim that he will, if returned, suffer persecution by both factions in the struggle: the British, who suspect him of cooperating with the PIRA, and the PIRA, who regard him as a weapons expert whose cooperation must be exacted to assist in its fight against the British.
 
 
 3
 On September 29, 1982, the Immigration and Naturalization Service filed an order to show cause and a warrant for Gallagher's arrest, alleging that he had violated the 'overstay' provisions in Section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(2). Gallagher was released on bond and on October 28, 1982, petitioned for asylum and withholding of deportation or, in the alternative, permission to leave the United States voluntarily.
 
 
 4
 At the hearing on Gallagher's applications, the following evidence was elicited: Gallagher was a former member of the British Army, where he received weapons training. After discharge, he married and settled in Northern Ireland, the scene of confrontations between British troops and Irish nationalists attempting to expel and British from Ireland.
 
 
 5
 Gallagher claimed to be familiar with anti-tank weapons, dating from his training as a soldier in the British Army during the 1960's. He asserted that on numerous occasions prior to his departure from Ireland, he conveyed his expertise in weaponry to the PIRA. While he testified that these services were performed for the PIRA under duress and fear of the consequences of his refusal, Gallagher also stated that the PIRA only 'asked' him 'in a nice way' to provide information on weapons usage, and that he was not fearful of reprisal by the PIRA for his refusal to assist them.
 
 
 6
 In addition to his exploits with the PIRA, Gallagher described incidents of confrontation between himself and British soldiers stationed in Northern Ireland. Although he claimed he was harassed by soldiers for his association with the PIRA, he also testified that the British soldiers did not know him by name or identity and that his treatment was no different than the treatment accorded other residents of the area.
 
 
 7
 Gallagher testified that his alleged fear of persecution by the British foreclosed him from residing in England. He further admitted that in 1981 he returned to the British Isles without incident, traveled under his own name, and had no difficulty in obtaining a British passport.
 
 
 8
 The immigration judge denied Gallagher's requests and ordered his deportation to Great Britain. The judge concluded that Gallagher's allegations of persecution in Great Britain had no validity. Additionally, the judge denied voluntary departure concluding that Gallagher's asserted involvement with the PIRA as a weapons expert for a period of ten years undercut his claim of entitlement to voluntary departure based upon good moral character.
 
 
 9
 The Board of Immigration Appeals affirmed the order denying asylum concluding that: (1) Gallagher failed to present any evidence of a well-founded fear of persecution; (2) the extended period during which Gallagher assisted the PIRA did not give credence to his claims that he provided the assistance unwillingly or under duress; (3) Gallagher failed to demonstrate that he had been singled out for persecution by the British; and (4) his activities for the PIRA constituted 'serious nonpolitical crimes' making him ineligible for asylum under the Act. The Board further condemned not only Gallagher's PIRA activities, but also his attempt to evade accountability for them.
 
 
 10
 In late 1984, Gallagher filed with the Board a motion to reopen his immigration proceedings and a motion for a stay of deportation. He presented three new facts to justify reconsideration of his previously rejected petitions for relief from deportation: (1) his marriage to an American citizen, which had taken place three months after the immigration judge's order of deportability but which had already been planned at the time of the initial hearing; (2) a job related injury; and (3) his initiation of a lawsuit against his former employer for his injury. Both motions were denied upon the basis that the asserted new facts and no bearing upon the rationale underlying the Board's original decision.
 
 
 11
 On appeal, Gallagher argued that the Board erred in refusing his motions to reopen his deportation proceeding and to stay deportation.
 
 
 12
 Upon a review of the record in its entirety, this court concludes that the decision of the Board of Immigration Appeals is supported by substantial evidence and the Board did not err in refusing to reopen deportation proceedings and the denial of appellants' application for asylum.
 
 
 13
 Accordingly, the petition for review is hereby DENIED.
 
 
 
 *
 Hon. James P. Churchill, United States District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 The PIRA is a faction of the Irish Republican Army