UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph Kevin GALLAGHER,
Defendant–Appellant.

No. 03–5804.

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 2003.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, David G. Sparks, United States Attorney's Office, Paducah, KY, for Plaintiff–Appellee.

Joseph Kevin Gallagher, Ullin, IL, for Defendant–Appellant.

Before SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

## ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, foreign national Joseph Kevin Gallagher was indicted for having illegally re-entered the United States following his earlier deportation, in violation of 8 U.S.C. § 1326(a). The case proceeded to trial and a jury found Gallagher guilty as charged. The district court sentenced Gallagher to a term of eight months and eight days incarceration and a one year period of supervised release. This appeal followed. Counsel for Gallagher filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Kevin Gallagher, British subject and former resident of Northern Ireland, was deported from the United States in 1986 after the Immigration and Naturalization Service determined that he was not entitled to asylum after he had overstayed the terms of his six-month visitor's visa. A panel of this court affirmed the decision on appeal. *Gallagher v. INS,* No. 85–3203, 1986 WL 16657 (6th Cir. March 31, 1986) (per curiam). It is undisputed that Gallagher re-entered the United States without permission within three weeks of his having been deported. Gallagher returned to his wife, a Kentucky resident, with whom he fathered four children. Gallagher became, for all purposes, a member of the community until he decided to turn himself

in to immigration authorities in 2002. He was indicted and arrested six weeks later.

Gallagher did not deny that he was guilty of the charged offense. He steadfastly refused to enter a guilty plea, however, insisting instead on going to trial and asking the jury, through counsel, to acquit him because he is subject to immediate deportation the instant he is no longer in custody. Counsel for the United States learned of this proposed strategy of "jury nullification" and asked to limit the efforts of Gallagher's counsel in this regard. The district court chose to give Gallagher's counsel some latitude in asking the jury for "mercy" in broad terms. Gallagher's counsel nevertheless invited the jury, during his opening and closing statements, virtually to ignore the law and find Gallagher not guilty. The district court admonished counsel in chambers and in a sidebar conference, yet at no time did the court seriously rein in counsel's attempts to portray Gallagher as a man worthy of being acquitted regardless of his *stipulated* guilt. The jury deliberated for thirty-two minutes before returning a verdict of guilty.

The record also shows that the district court, in effect, bent over backwards for Gallagher during the sentencing phase of this prosecution. There was never any dispute as to the base offense level (8), his criminal history category (II) and the resulting guideline range (4–10 months). The district court resolved the one defense objection to the presentence report in Gallagher's favor (striking a reference to Gallagher's possible involvement with the Irish Republican Army) and the court sentenced Gallagher to a term of imprisonment equaling his time already served. There were no other defense objections to any aspect of Gallagher's sentence.

Counsel for Gallagher sets forth three arguable issues for appellate review while conceding their lack of merit. The first arguable issue is that the judgment was against the weight of the evidence. This claim will fail if, "after viewing the evidence in the light most favorable to the prosecution, and after giving the government the benefit of all inferences that could reasonably be drawn from the testimony, any rational trier of fact could find the elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In applying this standard, this court does not "weigh the evidence presented, consider the credibility of witnesses, or substitute [our] judgment for that of the jury." *United States v. M/G Trans. Servs., Inc.,* 173 F.3d 584, 589 (6th Cir.1999).

■ The evidence plainly supports the judgment on review. One is guilty of violating 8 U.S.C. § 1326(a) when the proof shows that 1) the defendant is an alien; 2) who previously was arrested and deported or excluded and deported; and 3) thereafter improperly entered, or attempted to enter, the United States without the permission of the Attorney General. Counsel for Gallagher stipulated to these elements in chambers and in open court. There is no doubt that Gallagher's conviction is supported by the evidence adduced.

■ The second arguable issue for review is that the district court may have committed reversible error in limiting the attempts at "jury nullification." Counsel for Gallagher acknowledges, however, that the court granted him wide latitude in arguing to the jury that they could simply ignore the facts and decide that immediate deportation was punishment enough for Gallagher.

■ Finally, counsel suggests that the sentencing proceedings may have been marred by reversible error. There was never any dispute over the base offense

level, the criminal history category or the guideline range. The district court ruled for Gallagher on the only objection raised to the contents of the presentence report. Neither Gallagher nor his counsel raised any objections to any other aspect of his sentence. The failure to offer any objections to the sentence means that Gallagher has waived any appellate review of the guideline sentence. *See, e.g., United States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir.2001).

 Gallagher asserts that his current plight "could have been easily avoided" had he pleaded guilty, accepted full responsibility, and earned a downward sentencing departure. "In return," Gallagher posits, "the U.S. attorney's office would permit the Appellant to depart voluntarily." Gallagher thus reasons that his conviction was marred by constitutionally ineffective counsel. This court, however, has expressed a longstanding preference not to entertain ineffective assistance of counsel claims on direct appeal. *See, e.g., United States v. Brown,* 276 F.3d 211, 217 (6th Cir.2002). Claims that one received constitutionally ineffective trial counsel are typically pursued "in a proper post-conviction proceeding under 28 U.S.C. § 2255." *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). The substance of this claim is that Gallagher had available to him the option to enter a guilty plea and accept voluntary departure, but that his trial counsel didn't inform Gallagher of "certain key elements." This alleged omission on the part of trial counsel is plainly outside the present record and, therefore, cannot be raised in this appeal. There are no other errors alleged or apparent. This appeal lacks merit.

Accordingly, the motion to withdraw counsel is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.