NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 10a0676n.06

No. 10-3565

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 03, 2010
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| CLARA LOPEZ, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  KENNEDY, COLE, and ROGERS, Circuit Judges.

KENNEDY, Circuit Judge.  Defendant Clara Lopez challenges as substantively unreasonable the district court's imposition of a twelve-month-and-one-day, above-Guidelines sentence.  Lopez argues that the district court's upward variance overemphasized her criminal history, which included five previous illegal reentries into the United States within an eighteen-month period as well as prior convictions for driving without a license and identity theft.  We conclude that the district court did not abuse its discretion in varying upward from her Guidelines sentence by five months and one day after properly considering the applicable sentencing factors in 18 U.S.C. § 3553(a).  For the reasons that follow, we AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

Clara Lopez is a native and citizen of Mexico.  On January 13, 2010, Lopez was named in a one-count indictment charging her with illegally reentering the United States in violation of 8 U.S.C. § 1326(a).  Lopez pleaded guilty without a plea agreement.  During the plea hearing held on June 1, 2010, Lopez agreed to the following facts:

On or about December 22nd, 2009, the defendant, Clara Lopez, also known as Lara Lopez-Alvarez, also known as Clara Lara-Estrada, also known as Carla Lara-Estrada, also known as Clara Lopez-Alvarez, was an alien who was found in the United States at the Butler County jail in the Southern District of Ohio.

Prior to being found in the Southern District of Ohio on December 22nd, 2009, the defendant had previously been deported and removed from the United States of America on five occasions in the past 18 months. She was removed on October 14th, 2008; on January 17th, 2009; on January 21st, 2009; on January 28th, 2009; and on February 6th, 2009.

The defendant did not obtain the consent of the Attorney General of the United States or the Secretary of Homeland Security for re-application by the defendant for admission into the United States.

In addition to her history of removals, Lopez had two prior convictions for driving without a license and one prior conviction for attempted identity theft.

The Probation Office's Presentence Investigation Report ("PSR") calculated the Guidelines range for Lopez to be one to seven months' of imprisonment and recommended a sentence of three months' imprisonment. The parties did not object to the PSR or the Guidelines calculation. Prior to sentencing, the district court provided notice to the parties that it was considering an upward variance from the Guidelines range.

Lopez appeared for sentencing on May 3, 2010. Lopez argued for a sentence of time served, alleging that her reentry into the United States was due to her children's residence in Ohio, that she believed that her husband was murdered and the children were at risk in Mexico, and that she was not contesting her deportation with ICE. Lopez noted that the Probation Office's recommendation was for 3 months, which amounted to time served; at the time, Lopez had been in the custody of the United States for approximately 4.5 months. The Government requested a sentence of 5 to 7 months.

2

The district court rejected the recommendations of the parties and the Probation Office and imposed a sentence of twelve months and one day, to be followed by one year of supervised release, which represented an upward variance from the Guidelines. The extra day was added at Lopez's request so that she might be eligible for an earlier release. The district court determined that the following factors warranted a sentence outside of the Guidelines range: (1) Lopez's five deportations for the same reason charged here; (2) the risk to the public due to Lopez's identity theft misdemeanor conviction; (3) the risk to the public due to Lopez's actions in driving without a license or without insurance; and (4) the need to send a message to Lopez that she should not return to the United States.

Lopez appeals.

**ANALYSIS**

Lopez argues that the district court's upward variance resulted in a sentence greater than necessary to achieve the sentencing goals outlined in 18 U.S.C. § 3553(a). Specifically, she alleges that the district court overemphasized her past criminal behavior and that the sentence was unnecessarily severe to accomplish the goals of deterrence and protection of the public. For the reasons set forth below, we reject Lopez's arguments and affirm her sentence.

A. Standard of Review

Lopez does not challenge the procedural reasonableness of her sentence, only its substantive reasonableness. We recently had occasion to discuss the standard for a substantive reasonableness challenge:

> This court reviews a district court's sentence for reasonableness. *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). Because [the defendant] does not challenge the procedural reasonableness of his sentence . . . this court need only

"'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)); *see also United States v. Vallellanes*, 339 F. App'x 579, 582 (6th Cir. 2009) (unpublished opinion) (bypassing the procedural-reasonableness analysis because the defendant did "not contend that his sentence [was] procedurally unreasonable"). The essence of a substantive-reasonableness claim is whether the length of the sentence is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Walls*, 546 F.3d at 736 (internal quotation marks and alterations omitted).

In our substantive-reasonableness review, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. "Although a sentence that falls within the Guidelines range warrants a presumption of reasonableness in this circuit, there is no presumption against a sentence that falls outside of this range." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). If the sentencing judge elects "an outside-Guidelines sentence . . . he [or she] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. However, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id*. at 51.

*United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010).

B.  Lopez's Sentence Is Substantively Reasonable

Lopez does not claim that the district court selected her sentence arbitrarily or failed to consider any relevant § 3553(a) factor; instead, Lopez challenges the weight that the district court placed on her criminal history and asserts that mitigating factors were improperly disregarded. On the contrary, district court did not abuse its discretion by giving unreasonable weight to Lopez's past criminal conduct.

*Tristan-Madrigal* addressed the propriety of an above-Guidelines sentence in the context of an illegal reentry case. 601 F.3d 629. There, a native and citizen of Mexico spent many years in the

4

United States without proper documentation and had several encounters with law enforcement. *Id*. at 631. The advisory Guidelines range was fifteen to twenty-one months' imprisonment. *Id*. In noting the defendant's multiple prior removals and drunk-driving convictions, the district court determined that the recommended range did not adequately reflect the factors in § 3553(a) and sentenced the defendant to thirty-six months. *Id*. at 632. The district court specifically noted, *inter alia*, that the defendant's prior reentries and removals was extremely relevant to determining what length of sentence was necessary to prevent recidivism. *Id*. at 634-35. We affirmed the sentence as substantively reasonable because the facts of the case coupled with the goals of individual deterrence and public safety were proper justifications for an upward variance. *Id.* at 635-36.

Here, Lopez's five prior deportations and the perceived need to discourage her from again attempting to reenter the country were of particular import to the district court. The district court concluded that the sentence imposed "must be sufficient to dissuade or deter the Defendant from returning to the United States illegally" and must "promote respect for our immigration laws." Lopez argues that, because she was often caught near the Texas border, the "quality" of her illegal entries is not as egregious as other "similarly-situated" illegal aliens who are apprehended elsewhere. We agree with the Government that Lopez's failure to successfully cross the border in some of her reentry attempts is not a mitigating factor. Regardless of how or where Lopez was caught, the fact is that she has repeatedly tried to enter the United States, illegally with the result that she was removed five times in the eighteen months prior to the Indictment. Lopez's persistence in that regard is a factor that the district court properly considered in determining her sentence. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

5

The district court also properly considered Lopez's prior criminal record concerning driving without a license and a conviction for attempted identity theft. While Lopez dismisses the lack of a driver's license and participation in assuming fake names as simply part of the normal life for all illegal aliens, this does not alter their criminal nature or their risk to the public, both of which make them proper factors for consideration at sentencing. *Id*.

Lopez argues that several facts were unconsidered mitigating factors: (1) that she returned to the United States repeatedly because her children lived in Ohio; (2) that she did not have a significant criminal history; (3) that her husband had allegedly been murdered in Mexico; and (4) that she accepted her deportation. These facts do not transform the district court's imposition of an upward variance into an abuse of discretion. Indeed, the district court thought that the first factor could motivate Lopez to attempt to reenter the country, though the court did not count this as an aggravating factor. Moreover, the district court specifically disagreed with the second assertion, stating that Lopez's repeated conduct in driving without a license, insurance, or the ability to read English traffic notifications made her a risk to the public. Lopez's proffered mitigating factors do not function to alter any of the considerations that led the district court to conclude that an above-Guidelines sentence was appropriate.

Lopez also argues that her sentence is unreasonably high when compared with similar cases in this circuit. While "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is a factor the sentencing court must consider under 18 U.S.C. § 3553(a)(6), "this court's review of substantive reasonableness 'starts with the sentencing estimate provided by the Sentencing Commission,' not the sentences received by other individual defendants," *United States v. Kirchhof*, 505 F.3d 409, 416 (6th Cir. 2007) (quoting

*United States v. Davis*, 458 F.3d 491, 496 (6th Cir. 2006), *overruled on other grounds by Gall*, 552 U.S. 38).  Here, the specific factors considered by the district court justified the upward variance, so any disparity between Lopez and other similarly-situated defendants is not unwarranted.  Therefore, the cases cited by Lopez do not demonstrate that a year-and-a-day sentence for illegal reentry was improper.

In sum, the Guidelines range for Lopez was one to seven months.  The district court varied upward by five months.  The district court determined that Lopez's persistence in attempting to illegally reenter this country coupled with her prior state crimes rendered the recommended Guidelines range an inadequate deterrent towards future illegal conduct and an underrepresentation of Lopez's likelihood to illegally reenter this country.  "We reverse sentences when it is unreasonable to conclude that the circumstances, in light of the § 3553(a) factors, justify the sentence issued."  *Kirchhof*, 505 F.3d at 417.  This is not the case here; Lopez's sentence was substantively reasonable.  For these reasons, we AFFIRM.