COLE, Circuit Judge,
dissenting.
The majority claims that Lopez-Galvez’s sentence is reasonable. I cannot agree. Because Lopez-Galvez’s sentence was “greater than necessary” to satisfy the purposes of 18 U.S.C. § 3553(a), I would vacate his sentence and remand for resentencing.
Lopez-Galvez pled guilty to unlawful reentry to the United States after removal, in violation of 8 U.S.C. § 1326(a). His Guidelines range was two to eight months’ imprisonment. He, the government, and the U.S. Probation and Pretrial Services Office (as indicated by the Presentence Investigation Report) all agreed that an *575 eight-month sentence was proper. The district court sentenced Lopez-Galvez to twenty-four months’ imprisonment, the statutory maximum for this offense given Lopez-Galvez’s background and triple the sentence that all parties involved believed to be appropriate. That sentence was also twelve times greater than the bottom of Lopez-Galvez’s Guidelines range. This immense variance was not warranted here.
We have reviewed the reasonableness of a sentence imposed under this statutory provision four times. In United States v. Ruiz, we affirmed a sentence of eighteen months under § 1326(a) for a defendant who had a Guidelines range of six to twelve months and “a minimum of 17 illegal entries.” 403 Fed.Appx. 48, 53 n. 1 (6th Cir.2010). In United States v. Lopez, we affirmed a sentence of twelve months and one day for a defendant who had “five prior deportations ... in the eighteen months prior to the Indictment.” 401 Fed.Appx. 49, 52 (6th Cir.2010). In United States v. Gallagher, we affirmed a defendant’s mid-Guidelines sentence of eight months and eight days for a defendant who “re-entered the United States without permission within three weeks of his having been deported.” 83 Fed.Appx. 742, 743 (6th Cir.2003). In United States v. Johnson, meanwhile, we affirmed imposition of a statutory-maximum, twenty-four-month sentence. No. 99-3352, 2000 WL 799248 (6th Cir. June 16, 2000) (unpublished disposition). But that case involved a defendant whose Guidelines range was forty-six to fifty-seven months’ imprisonment. Id. at *1. And that defendant had prior convictions for “drug-related crimes, resisting arrest, and assaulting a police officer.” Id.
These cases show the fundamental unreasonableness of Lopez-Galvez’s sentence: Lopez-Galvez does not represent the most egregious offender capable of violating the statute, yet the district court chose to give him the highest possible sentence for a § 1326(a) violation. This was error. Cf. United States v. Eve, 984 F.2d 701, 704 (6th Cir.1993) (“The extent of Eve’s criminal history, unlike that of the defendant in Belanger, is not so egregious or severe that it warrants an upward departure [to the statutory maximum] from the guidelines by the district court.”). Unlike the defendant in Johnson, Lopez-Galvez did not have a history of violent crime and his Guidelines range did not exceed the statutory maximum. Unlike the defendant in Ruiz, Lopez-Galvez has not amassed nearly a score of illegal reentries, he did not avoid responsibility, and his reason for coming to the United States was not to commit crimes or otherwise make trouble: it was to visit his U.S. citizen son. Lopez-Galvez’s history and characteristics simply did not warrant the sentence he received, and the majority’s conclusion to the contrary effectively renders reasonableness review an empty formality.
Moreover, all the cases to which the government directs our attention — and on which the majority relies — (besides Ruiz) are improper benchmarks for comparison, as they deal with individuals sentenced under what is now 8 U.S.C. § 1326(b). That provision criminalizes unlawful reentry after removal that is “subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony,” id. § 1326(b)(1), or “subsequent to a conviction for commission of an aggravated felony,” id. § 1326(b)(2). Those subsections, unlike § 1326(a), permit imprisonment for up to ten or twenty years, respectively. Comparison of sentences under § 1326(a) and § 1326(b) is thus inappropriate because the subsections do not involve “defendants with similar criminal backgrounds convicted of similar criminal con *576 duct.” United States v. Simmons, 501 F.3d 620, 623 (6th Cir.2007). Subsection 1326(b), unlike § 1326(a), is concerned with individuals who have the more severe criminal background it details, and who therefore face greater punishment. Lopez-Galvez does not qualify as such an individual.
Further, the proportional increases between the Guidelines range and the sentence received in the cases cited by the majority — Ruiz, Tristan-Madrigal, and Caserez — pale in comparison to that present here, notwithstanding the more egregious circumstances of those cases and the far greater possible punishment: Ruiz’s sentence (eighteen months) was only 1.5 times greater than the top of his Guidelines range (twelve months); Tristan-Madrigal’s sentence (thirty-six months) was 1.7 times greater (twenty-one months); and Caserez’s sentence (forty-two months) was 2 times greater (twenty-one months). The majority’s conclusion conveys to district judges the clear message that we will uphold as substantively reasonable any sentence that does not exceed the statutory maximum;[1] that is, as long as district judges do not do what they cannot do (overstep the power bestowed on them by Congress), we will affirm. This approach abdicates our duty to ensure that a defendant’s sentence is “reasonable.” Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
As both the government and U.S. Pretrial and Probation Services Office acknowledged, the circumstances of LopezGalvez’s crime, as well as his background and characteristics, do not justify imposition of a statutory-maximum sentence. The district court erred in concluding otherwise, so I would find Lopez-Galvez’s sentence substantively unreasonable. I respectfully dissent.

. Unless, of course, we consider the sentence substantively unreasonable because it is too low. See, e.g., United States v. Fink, 502 F.3d 585 (6th Cir.2007); United States v. Borho, 485 F.3d 904 (6th Cir.2007); United States v. Davis, 458 F.3d 491 (6th Cir.2006), abrogated by Davis v. United States, 552 U.S. 1088, 128 S.Ct. 856, 169 L.Ed.2d 708 (2008); United States v. Harris, 339 Fed.Appx. 533 (6th Cir.2009); United States v. Camiscione, 207 Fed.Appx. 631 (6th Cir.2006).